BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
Petitioner is the widow of Jessie Thomas Carter, deceased. On March 9, 1970, a claim for benefits was filed seeking permanent total disability benefits, medical care and treatment due to injuries sustained by Jessie Carter as a result of his industrial accident. Thereafter, Jessie Carter, the employee, died and further benefits, including funeral expenses, were requested by the widow.
The deceased, Jessie Thomas Carter, was manager and president of the employer, Tom Carter’s Wheels, Inc. He died of injuries received in an automobile accident which occurred while deceased was on a business trip. The Judge of Industrial Claims found, in pertinent part, as follows:
“3. That on February 19, 1969, in Brevard County, Florida, the decedent employee, Jessie T. Carter, received an injury by accident arising out of and in the course of his employment with the employer, Tom Carter’s Wheels, Inc., when claimant ran into the rear of the trailer of a tractor-trailer rig with his automobile, thereby suffering multiple internal injuries . . . which resulted in his demise on May 24, 1969.
***** *
“ * * * j £jn(j £jjat tjje compensable industrial accident happened in the early morning hours of February 19, 1969, after claimant had departed from Orlando and was returning directly to Cocoa, any possible deviation or dual purpose having been discontinued or terminated upon his departure from Orlando. I further find that although the evidence is clear and uncontradicted that claimant had indulged in the consumption of alcoholic beverages prior to his ultimate departure from the Orlando *530 area for his return to the Cocoa area, claimant was not intoxicated, and therefore the intoxication provision of Florida Statute 440.09(3) does not apply.
“Finally, in connection with the above ultimate finding of a compensable industrial accident, I find that claimant was willfully violating one or more safety regulations or statutes of the State of Florida, in that the ultimately fatal accident occurred while claimant was driving on the wrong side of the road at an excessive rate of speed.
Hi * % H< * *
“Therefore, the undersigned hereby finds that the total award to the claimant and dependent minor children should be reduced by 25 per cent in accordance with the provisions of Florida Statute 440.-09(3).”
The Judge of Industrial Claims set $4,-000 as a reasonable attorney’s fee but in arriving at this figure did not take into consideration the payment of extensive hospital and medical bills, stating:
“[T]he ultimate payment of these bills was not a benefit incurred for the claimant nor obtained by claimant’s attorney. Negotiations for the payment of these bills were conducted by the insurance company’s representative directly with the creditors, completely separate and apart from claimant’s claim, and the legal liability for these bills laid with the decedent employee’s estate, not with the claimant individually, and claimant’s estate had nothing to do with these proceedings. Therefore, I find that said medical and hospital bills should not be included in the determination of a reasonable attorney’s fee.”
The Full Commission affirmed except that it foimd that the Order of the Judge of Industrial Claims had failed to mention why penalties claimed against the carrier were denied. The Commission remanded to the Judge of Industrial Claims with directions to make findings of fact as to whether or not the assessment of penalties was warranted.
After argument and upon consideration of the briefs and record, we conclude that the Judge of Industrial Claims and Full Commission erred in failing to take into consideration the payment of hospital and medical bills in setting the amount of attorney’s fees. In all other respects the Order of the Full Commission comports with the essential requirements of law.
Accordingly, petition for writ of certio-rari is granted and the cause remanded with directions that, oh remand, the Judge of Industrial Claims recompute attorney’s fees based on all the benefits, including payment of hospital and medical bills obtained by the claimant’s attorney. In all other respects the Order of the Full Commission is affirmed.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, McCAIN and DEKLE, JJ., concur.