United States District Court for
the District of New Hampshire
No. 79-433

### EMILE CHODAKOWSKI

v.

### JURGEN PIPER & a.

May 5, 1980

*Bruce E. Barron*, of Salem, by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* orally), for the defendant Piper.

*Devine, Millimet, Stahl & Branch*, of Manchester (*Kevin C. Devine* orally), for the defendant Scriven.

PER CURIAM. The two questions in this medical malpractice case certified by the United States District Court for the District of New Hampshire pursuant to Supreme Court Rule 34 are as follows:

Are RSA 507-C:4 and RSA 507-C:10 applicable to the plaintiff?

Is the statement in RSA 507-C:10 which states that:

In addition this chapter applies to causes of action ocurring prior to its effective date upon which no action has been instituted as of its effective date except that the time for bringing such actions as specified in RSA 507-C:4 shall be computed from the effective date of this chapter.

applicable to the plaintiff in the instant case where it may, by literal reading, extend the Statute of Limitations from six to seven years?

The relevant facts are that plaintiff suffered a fracture of his leg on September 17, 1972, which was that day reduced by defendant Piper. The same day, defendant Scriven, a radiologist, examined X-rays taken before and after the reduction. In January 1974, the plaintiff experienced pain in the area of the fracture and subsequent X-rays showed a malunion. Treatment was required in December 1977, and an operation was performed in March 1979. The plaintiff brought this action on August 31, 1979, alleging negligence on the part of the defendants.

The statute of limitations in force for medical malpractice until 1977 was six years. RSA 508:4 (Supp. 1979). In 1977 the legislature enacted a comprehensive statute relating to medical malpractice actions which controlled, *inter alia*, the burden of proof, qualification of expert witnesses, limitations of damages and the time in which to sue. Laws 1977, 417:22, RSA ch. 507-C (Supp. 1979).

The relevant provisions of RSA ch. 507-C (Supp. 1979) are as follows:

507-C:4 *Statute of Limitations.* Notwithstanding any other provision of law, all actions for medical injury shall be commenced within 2 years of the act, omission or failure complained of, except that where the action is based upon discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such 2 year period, the action may be commenced within 2 years of the date of discovery or of the date of discovery of facts which would reasonably lead to discovery, whichever is earlier. This section applies to all persons regardless of minority or other legal disability, except that a minor under the age of 8 years at the time of the act, omission

or failure complained of shall in any event have until his tenth birthday in which to commence an action.

507-C:10 *Applicability*. This chapter applies to all causes of action for medical injury accruing after its effective date and as to such causes of action, shall supersede any inconsistent provision of law. In addition, this chapter applies to causes of action accruing prior to its effective date upon which no action has been instituted as of its effective date except that the time for bringing such actions as specified in RSA 507-C:4 shall be computed from the effective date of this chapter.

The defendants argue that the plaintiff's claim is barred because it was not brought within six years under the old statute and because the new statute should not be construed to extend the six-year statute. We disagree.

It is true, as the defendants argue, that the thrust of the new statute is to reduce the time in which an action for medical malpractice can be brought. It is also true that if given effect in this case, it would extend the time during which the plaintiff may bring suit. However, the overall effect of the statute is to substantially reduce the time for bringing actions accruing less than four years preceding its effective date and to extend the time only for those accruing more than four years before its effective date.

The legislature had already enacted a statute of limitations which also has the effect of extending the time for bringing actions in some cases. RSA 556:1, relating to survival of actions, sometimes has the incidental effect of extending the time for suit. *Perutsakos v. Tarmey*, 107 N.H. 51, 217 A.2d 177 (1966).

Moreover, the language of RSA 507-C:10 (Supp. 1979) clearly and unambiguously allows two years for "causes of actions accruing prior to its effective date" and provides that the two years will be computed "from the effective date of this chapter." In view of this clear language, we need not look further for its meaning. *Corson v. Brown Prods., Inc.*, 119 N.H. 20, 397 A.2d 640 (1979). Accordingly, we answer both certified questions in the affirmative.

*Remanded.*