United States District Court
for the District of New Hampshire
No. 79-407
No. 80-045

NOELLA MARTIN & a.

v.

GARDNER MACHINE WORKS, INC.

BRANDON J. MOREHOUSE & a.

v.

CAMERON MACHINE CO. & a.

June 12, 1980

*Maynard, Perkins & Phillips*, of Concord (*Arthur W. Perkins* orally), for plaintiffs, Noella and Victor A. Martin.

*Bussiere & McHugh*, of Manchester (*Kenneth R. McHugh* orally), for plaintiffs, Brandon and Cathy Morehouse.

*Orr & Reno*, of Concord (*Ronald L. Snow* orally), for defendant, Gardner Machine Works, Inc.

*Devine, Millimet, Stahl & Branch*, of Manchester (*Lee C. Nyquist* orally), for defendant, Cameron Machine Co.

*Sulloway, Hollis & Soden*, of Concord, by brief for amicus curiae, American Insurance Association.

*Brown & Nixon,* of Manchester, and *Baker & Fine,* of Cambridge, Massachusetts, by brief for amicus curiae, National Women's Health Network.

KING, J. The United States District Court for the District of New Hampshire (*Loughlin,* J.) has certified to this court questions of law concerning the constitutionality and interpretation of that portion of RSA ch. 507-D (Supp. 1979) relating to the limitation period for bringing product liability actions.

These cases present identical issues concerning the application of RSA 507-D:2 II (Supp. 1979) to causes of action that accrued, but had not been brought, prior to the statute's effective date. The first case, brought by plaintiffs Martin, arises from an injury sustained on May 6, 1974, while the plaintiff, Noella Martin, operated a sanding machine manufactured by the defendant, Gardner Machine Works, Inc. The sanding machine had left the manufacturer's control approximately thirty-five years prior to the date of the accident. On October 19, 1978, the plaintiffs brought an action against the defendant manufacturer. The second case, brought by plaintiffs Morehouse, arises from an injury sustained on March 7, 1978, while the plaintiff, Brandon J. Morehouse, operated a "paper rewinder" manufactured by the defendant, Cameron Machine Company. On August 10, 1978, the plaintiffs brought suit against the defendant.

The relevant statute of limitations in effect when the injuries occurred, RSA 508:4, allowed the plaintiffs to bring an action within six years from the date the cause of the action accrued. On August 22, 1978, however, RSA ch. 507-D (Supp. 1979) became effective. Under RSA 507-D:2 I and II(a) (Supp. 1979), all product liability actions must be commenced within three years of the time the injury is, or should, in the exercise of reasonable diligence, have been discovered by the plaintiff; and no later than twelve years after the manufacturer of the final product parted with its possession and control or sold it, whichever occurred last. Applied retrospectively, these provisions would bar the plaintiffs' claims, while under the prior governing statute, the causes of action would still be maintainable.

■ The focus of our inquiry centers on RSA 507-D:5 (Supp. 1979) which provides in part:

[T]his chapter applies to causes of action accruing prior to its effective date upon which no action has been instituted as of its effective date, *except that the time for*

*bringing such actions as specified in RSA 507-D:2 shall be computed from the effective date of this chapter.*

(Emphasis added.) This provision subjects the plaintiffs' claims to the terms of RSA 507-D:2 (Supp. 1979), which requires actions to be brought within three years after discovery of injury and not later than twelve years after the manufacturer parted with the product. The statute specifies, however, that the computation of these actions is to be made from the effective date of the chapter, rather than from the event specified in RSA 507-D:2 (Supp. 1979). The three-year and twelve-year limitation periods, therefore, begin to run on August 22, 1978, for those causes of action arising but not commenced prior to the effective date. *See Chodokowski v. Piper*, 120 N.H. 330, 414 A.2d 1295 (1980). Because plaintiffs brought their actions within these limitation periods, their actions are not barred.

We find that the statute's language clearly mandates this result. Words used must be given their ordinary meaning unless it appears from the context that a different meaning was intended. *In re Russell C.*, 120 N.H. 260, 414 A.2d 934 (1980); *Arnold v. City of Manchester*, 119 N.H. 859, 409 A.2d 1322 (1979); *Londonderry v. Faucher*, 112 N.H. 454, 457, 299 A.2d 581, 583 (1972). To interpret the language to bar plaintiffs' causes of action would circumvent the plain meaning of RSA ch. 507-D (Supp. 1979). Moreover, in light of this State's prohibition against the retrospective application of law, N.H. Const. pt. 1, art. 23, construing the statute to extinguish existing causes of action would raise serious questions concerning the constitutionality of RSA 507-D:5 (Supp. 1979). "It is a basic principle of statutory construction that a legislative enactment will be construed to avoid conflict with constitutional rights wherever reasonably possible." *State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977); *Sibson v. State*, 110 N.H. 8, 11, 259 A.2d 397, 400 (1969).

The purpose of the legislation was not to extinguish existing causes of action, but to set parameters on the risk of product liability actions by making that risk more ascertainable for insurance underwriting purposes. *See* N.H.S. Jour. 1015-29 (1977). To accomplish this, the statute limits the right of action after a specified time measured from the date of the injury and from the time the product leaves the control of the manufacturer. RSA ch. 507-D (Supp. 1979). This purportedly increases the availability and affordability of insurance by permitting the insurer to statistically assess its risk. *See* N.H.S. Jour. 1015-29 (1977).

Neither the plain language, the legislative history, nor the statutory construction of RSA 507-D:5 (Supp. 1979) suggest any intent to extinguish causes of action that existed but were not commenced prior to the time of the statute's enactment. We hold, therefore, that RSA 507-D:5 (Supp. 1979) requires the limitation periods of RSA 507-D:2 II(a) (Supp. 1979) to be computed from the date of the law's enactment. Accordingly, as properly applied to these cases, RSA 507-D:5 (Supp. 1979), and :2 II(a) (Supp. 1979) do not extinguish the plaintiffs' causes of action.

In light of this result, we need not consider the constitutionality of RSA 507-D:5 (Supp. 1979) as applied to persons thereby barred from bringing suit. *See, e.g., Overland Construction Company v. Simons*, 369 So.2d 572 (Fla. 1979).

*Remanded.*

All concurred.