United States District Court
No. 81-213

W. BRADFORD CASWELL

v.

BCI GEONETICS, INC.

November 20, 1981

*Goodnow, Arwe, Ayer, Prigge & Gardner*, of Keene (*Eric R. Gardner* on the brief and orally), for the plaintiff.

*Kenneth G. Bouchard*, of Manchester, by brief and orally, for the defendant.

PER CURIAM. The question in this case is whether an officer of a corporation is an "employee" within the context of a back pay claim under RSA ch. 275. We hold that he is.

The plaintiff was a vice president and officer of the defendant corporation. In this capacity, he could commit funds, hire and fire, and enter into contracts. He had no ownership interest in the corporation. When he left the defendant's employ, he filed a complaint in the United States District Court for the District of New Hampshire seeking unpaid wages and expenses under RSA 275:53 I. The defendant moved for partial summary judgment on the ground that RSA ch. 275 did not protect the plaintiff because he was not an "employee." Pursuant to Supreme Court Rule 34, the federal court (*Caffrey*, J.) certified the following question to us on June 9, 1981, due to a perceived ambiguity in RSA ch. 275:

> "Does the term 'employee' as used in New Hampshire Revised Statutes Annotated, Chapter 275:53 I, include a corporate officer who owns no stock in the corporation?"

■ RSA ch. 275 is entitled "Protective Legislation," and we should construe it with that purpose in mind. RSA 275:53 I relates to actions by employees to recover unpaid wages and/or liquidated damages. The definition of "employee" pertaining to this section is set forth in RSA 275:42 II:

> "The term 'employee' includes any person suffered or permitted to work by an employer. For the purposes of claims for wages under RSA 275:51, any person in the service of another shall be conclusively presumed to be an employee, not an independent contractor, if it shall have been determined to be more likely than not that the relationship can be terminated summarily, with a right to no more than compensation already earned."

The definition of "employer" in RSA 275:42 I provides:

> "The term 'employer' includes any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person, except employers of domestic labor in the home of the employer, or farm labor where less than 5 persons are employed."

The central dispute arises over the language in another subsection that deems certain employees to be employers:

"For the purposes of this subdivision the officers of a corporation and any agents having the management of such corporation who knowingly permit the corporation to violate the provisions of RSA 275:43, 44 shall be deemed to be the *employers of the employees of the corporation*."

RSA 275:42 V (emphasis added).

■ The defendant asserts that because the statutes are ambiguous and have no legislative history, it should be able to present to us various letters and other documents, not part of the record, in which the commissioner of labor concurs with the defendant's reading of the term "employee" so as to exclude the plaintiff. In *Corson v. Brown Products, Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979), we excluded from our consideration the labor commissioner's recollections of considerations allegedly arrived at by some unnamed "informal committee." We see no reason to alter the rationale or holding of *Corson* in that regard and, therefore, must exclude the interpretive opinion of the agency head.

■■ We thus must turn to the actual language of the statutes in issue. "The legislature must be presumed to know the meaning of words, and to have used the words of a statute advisedly." *Ahern v. Laconia Country Club, Inc.*, 118 N.H. 623, 624–25, 392 A.2d 587, 588 (1978). The plain and obvious meaning of words should be our touchstone, and "the legislative intent is to be found not in what the legislature might have said, but rather in the meaning of what it did say." *Corson v. Brown Products, Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979).

■ The meaning of "employee" may depend on the context in which the word is used. *See Abbott v. Lewis*, 77 N.H. 94, 99, 88 A. 98, 101 (1913). For example, the legislature has had occasion to define "employee" for purposes of public employee labor negotiations to exclude from a bargaining unit certain supervisory personnel. *See City of Concord v. PELRB*, 119 N.H. 725, 727, 407 A.2d 363, 364 (1979) (construing RSA 273-A:8 II). *See also* RSA 273-A:1 IX (definition of public employee).

In this case the defendant argues that RSA 275:42 V transforms officers and agents into employers for all purposes under the subdivision. Such a reading would exempt the defendant from paying the plaintiff unpaid wages and expenses otherwise due him under RSA 275:53 I, a remedy which is available to employees, not employers. We reject the defendant's interpretation of RSA 275:42 V.

Section 275:42 V deems officers and agents to be *"employers of the employee"* only when the officer or agent knowingly permits a corporation to violate RSA 275:43 (Supp. 1979), which pertains to payment of wages, and RSA 275:44, which concerns payment of wages when employees are separated from the payroll before payday. Only when these two statutes are violated are officers and agents considered "employers." RSA 275:42 V, therefore, is specific, limited, and intended to protect employees.

Nowhere does RSA 275:42 V bar one in the position of the plaintiff from being an employee for purposes of pay or hours protection under RSA ch. 275. We find no ambiguity in the use of the word "employee" and accordingly answer the question in the affirmative.

*Remanded.*