Hillsborough
No. 83-175

### THE STATE OF NEW HAMPSHIRE

v.

### PHILLIP CHANDONNET

April 16, 1984

*Gregory H. Smith*, attorney general (*Edna M. Conway*, attorney, on the brief, and *Andrew L. Isaac*, assistant attorney general, orally), for the State.

*Eleanor Krasnow*, of Manchester, by brief and orally, for the defendant.

BATCHELDER, J. The defendant, Phillip Chandonnet, appeals from his conviction in the Superior Court (*Goode*, J.) (jury waived) for purposely soliciting another person to engage in sexual penetration or sexual contact in return for consideration. For the reasons which follow, we reverse.

The facts underlying the indictment which brought on his trial are not in dispute. In September 1983, the defendant left a note on a parked vehicle in Manchester. The note read: "How about some sex with me on Thursday, September 23rd, around 10:00 p.m. or 11:00 p.m.? I pay good, and I can keep it a secret even from Rick or bring him along, if you wish. In front of the Coffee Cup Bakery on Belmont and Massabesic. I'll call you then." The defendant was charged and convicted of prostitution by the Manchester District Court and sought a trial *de novo* in superior court.

The first question for the court is: under what statute was the defendant convicted? The State maintains that the conduct of the defendant that was the subject of the indictment constituted a violation of both RSA 629:2 (criminal solicitation) and RSA 645:2 (Supp. 1981) (prostitution and related offenses). The defendant argues that he was convicted under RSA 645:2, I(a) (Supp. 1981) and that regardless which statute was at issue, his conduct contravened no New Hampshire criminal statute. The complaint issued by the Manchester District Court charges the defendant with having committed the offense of prostitution "contrary to RSA 645:2 and the laws of New Hampshire."

The issue of what statute the defendant was tried under first surfaced when, after his superior court conviction, the defendant filed a motion for clarification. During the hearing on that motion, the trial judge stated: "I considered the evidence and I sentenced the defendant under the provisions of RSA 645:2, subparagraph I, small a. that was the offense which was recited in the complaint. That was the offense for which he was tried."

Defense counsel then pointed out to the court that the State maintained, in its objection to the defendant's motion for clarification,

that the complaint contains all the elements of the offense of criminal solicitation of prostitution as proscribed by RSA 629:2. The court then informed counsel that he "ascribed no probative value to that assertion in the State's objection." Accordingly, the court granted the defendant's motion.

The defendant maintains that without notice of the State's proceeding under RSA 629:2, he was foreclosed from asserting the affirmative defense of withdrawal set out in RSA 629:2, II. Thus, he argues that a conviction premised on this statute would have deprived the defendant of the notice element of his guarantee to due process of the law. *See Cole v. Arkansas*, 333 U.S. 196 (1948). We are of the opinion that the State is bound by the trial court's ruling. Therefore, we leave for another day the question whether the defendant's conduct could have violated RSA 629:2.

The defendant next urges this court to rule that the conduct in question does not fall within any of the activities proscribed by RSA 645:2, I(a) (Supp. 1981). This statutory subsection makes it a misdemeanor for a person to solicit or engage in sexual penetration in return for consideration. The defendant maintains that this subsection only reaches the *prostitute* who receives or solicits money in return for giving sexual services, and that it does not reach a would-be *patron*, such as the defendant, who desires to give money in return for receiving sexual services.

The State, on the other hand, maintains that the statute generally proscribes the commercialization of sex in all its aspects and that this subsection, RSA 645:2, I(a) (Supp. 1981), more specifically prohibits persons from soliciting sex for themselves, or engaging in sex, where money is used as the consideration, or the proffered consideration, for one party's involvement in the illicit transaction. The direction of the flow of money, argues the State, is not important, whether it be from or to the defendant. Accordingly, the State argues that although the defendant may be deemed only a would-be patron, his behavior contravened the statute because he offered money to another in return for that person's sexual services.

On its face, RSA 645:2, I(a) (Supp. 1981) does not clearly support or contradict either the State's or the defendant's interpretation. We have held, however, that in addition to the language of the statute itself, "the legislative history of a statute can be taken into consideration in arriving at its meaning . . . . Reports of commissions established to prepare or recommend statutory revisions can prove to be valuable aids in construing particular statutes." *Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642

(1979); *see Morgenroth & Assoc's, Inc. v. Town of Tilton*, 121 N.H. 511, 515, 431 A.2d 770, 772 (1981).

In 1969, the Commission to Recommend Codification of Criminal Laws issued its report, which included a recommendation that a statute identical in all pertinent respects to RSA 645:2 be enacted. *See* REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS, at 106. This report also included the following comment relevant to RSA 645:2 and the issue at bar: "This section does not, however, prohibit patronizing a prostitute, as do New York and Michigan [criminal laws]. It does expand present law by virtue of including commercial deviate sexual relations as well as normal sexual intercourse." *Id.* at 106–07.

The State concedes the relevancy of this comment but contends that the defendant cannot be characterized as a patron because he did not succumb to an offer but, rather affirmatively solicited another to engage in illicit relations with him.

■ We find no basis in the statutory language or in its legislative history for the distinction urged upon us by the State, between active and passive patrons. *See generally,* A.L.I. MODEL PENAL CODE AND COMMENTARIES § 251.2(5) (1980). Accordingly, we hold that RSA 645:2, I(a) (Supp. 1981) proscribes neither patronizing a prostitute nor the conduct with which the defendant was charged in the indictment.

*Reversed.*

All concurred.