**Laurie S. MERTENS, et al.**

v.

**ABBOTT LABS, et al.**

**Civ. A. No. 80–0478.**

United States District Court, D. New Hampshire.

Oct. 9, 1984.

---

See also D.C., 99 F.R.D. 38.

William S. Hall, Hall, Morse, Gallagher & Anderson, Thomas Rath, Orr & Reno, Concord, N.H., James Q. Shirley, Sheehan, Phinney, Bass & Green, Manchester, N.H., Howard B. Myers, Myers & Laufer, Concord, N.H., Richard S. Snierson, McLane, Graf, Raulerson & Middleton, P.A., Manchester, N.H., Michael R. Callahan, Gallagher, Callahan & Gartrell, Concord, N.H., W. Wright Danenbarger, Wiggin & Nourie, Manchester, N.H., Edward L. Gnys, Jr., Gunning, LaFazio & Gnys, Inc., Providence, R.I., John F. Triggs, Slade & Pellman, New York City, Thomas D. Gidley, Hinckley, Allen, Tobin & Silverstein, Providence, R.I., David J. KillKelley, Laconia, N.H., Raymond R. Ouellette, Ouellette, Hallisey, Dibble & Tanguay, P.A., Dover, N.H., Michael P. Lehman, Sulloway, Hollis & Soden, Concord, N.H., Matthias Reynolds, Devine, Millimet, Stahl & Branch, John E. Friberg, Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, N.H., Lawrence Spellman, Ransmeier & Spellman, Concord, N.H., Robert L. Dickson, Haight, Dickson, Brown & Bonesteel, Santa Monica, Cal., Bruce G. Tucker, Roberts, Carroll, Feldstein, Tucker, Inc., Providence, R.I., for defendant.

Stephen J. Tybursky, Tybursky & Watson, Portsmouth, N.H., Kenneth C. Brown, Brown & Nixon P.A., Manchester, N.H., for plaintiff.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

Defendant Eli Lilly has moved for summary judgment on the basis that Plaintiff

Cathy Glater's cause of action for *in utero* exposure to and resulting injury from diethylstilbestrol (DES) is barred by the statute of limitations. A hearing was held before the magistrate who recommended, pursuant to 28 U.S.C. § 636(b)(1)(C), that Plaintiff's action be dismissed. Plaintiff objected to the recommendation in a timely manner and the matter is now before this Court. For reasons detailed below the Court finds that Plaintiff's action must be dismissed.

Plaintiff's mother, Norleen Bellows, took DES at the direction of her gynecologist in 1953 while pregnant with the Plaintiff. At the time she resided in Oxford, Massachusetts. Plaintiff was born on October 5, 1953 in Worcester, Massachusetts and lived and worked in Oxford, Massachusetts until her marriage in January of 1975.

In late 1972 or early 1973 Mrs. Bellows' gynecologist advised her that Plaintiff should be examined by a gynecologist because Mrs. Bellows had taken DES during her pregnancy. Plaintiff ignored this advice until, in late February of 1973, she noticed an unusual vaginal discharge. Plaintiff was referred to Dr. Mobed who performed a pap smear and biopsy in Worcester, Massachusetts. Dr. Mobed told Plaintiff that she was fine and that he would schedule a follow-up visit. A few days later Plaintiff began to hemorrhage. Dr. Mobed, feeling he was not qualified to handle Plaintiff's problem, referred her to Dr. Arthur Herbst at Massachusetts General Hospital in Boston.

On March 20, 1973 Plaintiff, with her mother and fiance in attendance, was seen by Dr. Herbst. After questioning Mrs. Bellows about her use of DES in 1953 Dr. Herbst informed Plaintiff that she had a form of cancer related to DES. On April 2, 1973 Dr. Herbst operated on Plaintiff. While convalescing she read an article on DES which Dr. Herbst had published in a medical magazine. She did not discuss the connection between her illness and DES again, although in her deposition Plaintiff stated that she was aware of the relation between the two.

In 1975 Plaintiff married and moved to New Hampshire with her husband. Plaintiff was employed by The Allstate Insurance Company. In 1979 Plaintiff and her husband separated. At that time Plaintiff consulted an attorney in connection with her pending divorce. He apparently also advised her that she might have a cause of action based on her DES related injuries. Plaintiff moved to be made a party plaintiff to this action on July 11, 1980. The motion was granted on July 27, 1980. In August Plaintiff, who had been transferred to Allstate's Burlington, Massachusetts office, rented an apartment in Lynn, Massachusetts. Although Plaintiff retained her New Hampshire driver's license and claimed to live several days a week with friends in New Hampshire, the evidence reveals that she was living full time in Lynn and hence was once again a Massachusetts domiciliary.

Some time in 1980 Plaintiff spoke to her mother concerning the source of the DES she had taken. Mrs. Bellows remembered that the DES was made by Eli Lilly and was purchased at the Oxford Drug Store in Oxford, Massachusetts. The current store owners were able to produce prescription records for 1951, 1952, and 1954, but not 1953. Plaintiff then contacted the 1953 owners of the store who informed her that they stocked and sold only the Eli Lilly DES.

## CONFLICTS OF LAWS

■ Much of the controversy surrounding this motion concerns the proper law to be applied. Defendant argues strongly that Massachusetts law, including the Massachusetts statute of limitations, should be applied by the Court. Plaintiff argues equally strenuously for the application of New Hampshire law. A federal court sitting in a diversity action must apply the law of the forum state. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The New Hampshire court has stated that the statute of limitations is a procedural matter and that New Hampshire will apply

the law of the forum to any case before it. *Gordon v. Gordon*, 118 N.H. 356, 366, 387 A.2d 339, 342 (1978); *see also Keeton v. Hustler Magazine, Inc.*, 682 F.2d 33, 35–36 (1st Cir.1982), *rev'd on other grounds,* — U.S. ——, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). This principle extends not only to the statute of limitations itself, but also to all matters involving the application of the statute of limitations. Restatement (Second) of Conflicts § 142, comment a (1971). Therefore, the question of when a cause of action accrues is also governed by New Hampshire law.[1] Since a statute of limitations defines not only the time limits within which an action must be brought, but also the event which signals the beginning of the time allowed, and the circumstances under which the time available is tolled, application of the forum statute requires that all of its elements be observed. The accrual of Plaintiff's cause of action must be determined by application of the New Hampshire discovery rule.

## STATUTE OF LIMITATIONS

Two separate statutes of limitations control Plaintiff's cause of action: the portion of her action sounding in tort is governed by the six year statute of limitations under New Hampshire R.S.A. 508:4 while her breach of warranty claim is covered by the four year statute of limitations in New Hampshire R.S.A. 382–A:2–725.

 Plaintiff argues that her cause of action is governed by New Hampshire R.S.A. 507–D:2 (Supp.1979). This provision was part of a comprehensive products liability statute enacted by the New Hampshire legislature in 1978. This statute, which included a statute of repose provision, contained a three year statute of limitations for products liability actions. The statute also "grandfathered in" persons whose causes of action had already expired under the previous statute by computing the time for bringing products liability actions as of the effective date of the statute, August 22, 1978. Plaintiff argues that since she brought her action within two years of the statute's effective date her action here is not time barred. Plaintiff's argument is undermined by the fact that the New Hampshire Supreme Court has declared New Hampshire R.S.A. 507–D "void ... in its entirety." *Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 464 A.2d 288, 297 (1983). Plaintiff argues that *Heath* should not be interpreted as extinguishing her cause of action, since she brought suit in reliance on the statute of limitations contained in New Hampshire R.S.A. 507–D. She points out that New Hampshire disfavors the retroactive extinction of rights, *see, e.g., Martin v. Gardner Machine Works, Inc.*, 120 N.H. 433, 435–36, 415 A.2d 878, 880 (1980), and that New Hampshire R.S.A. 21:37 provides that no repeal of an act shall affect a suit commenced before the repeal. Plaintiff argues that there should be no distinction made between legislative repeal and a declaration of unconstitutionality. Plaintiff is mistaken. Legislative repeal of an act indicates that, for policy reasons, the legislature has determined that a particular act must be changed or done away with. However, a declaration of unconstitutionality is a declaration that the legislature has acted beyond its authority and contrary to the constitution. If Plaintiff's argument were adopted, Plaintiff would have obtained this Court's assistance in a constitutional violation. A law declared unconstitutional is void *ab initio, Trustees of Phillips Exeter Academy v. Town of Exeter*, 90 N.H. 472, 495, 27 A.2d 569, 586 (1940). It creates no rights and no obligations in anyone. *Huntington v. Worthen*, 120 U.S. 97, 101–102, 7 S.Ct. 469, 471, 30 L.Ed. 588 (1887). Although this rule is not woodenly applied, nothing in this action admits of a departure from the

1. The magistrate found that Plaintiff's action was governed by the New Hampshire statute of limitations but that accrual of the cause of action was determined by application of the Massachusetts discovery rule. While the Court agrees with the magistrate's ultimate recommendation of dismissal it disagrees with his conclusion that Massachusetts law should be applied to the accrual issue. The result is the same whether New Hampshire or Massachusetts law is applied.

general rule. Therefore, Plaintiff cannot rely on New Hampshire R.S.A. 507–D:2 as preserving her cause of action.

Plaintiff urges upon the Court the proposition that, if the New Hampshire Supreme Court were to interpret its decision in *Heath*, it would provide a 'window' which would allow Plaintiff to maintain her cause of action. In support of her theory Plaintiff cites *Chodakowski v. Piper*, 120 N.H. 330, 414 A.2d 1295 (1980) and *Carson v. Maurer*, 120 N.H. 925, 424 A.2d 825 (1980). In *Chodakowski* the supreme court interpreted New Hampshire R.S.A. 507–C:4 and New Hampshire R.S.A. 507–C:10. The statute involved dealt with medical malpractice and was similar in form to the statute struck down by *Heath*. The supreme court in *Chodakowski, supra,* held that the legislature, by declaring that the statute of limitations on all malpractice actions would begin to run no earlier than the effective date of the statute, did indeed resuscitate causes of action barred by the previous statute of limitations. In *Carson, supra,* the supreme court struck down the malpractice statute for essentially the same reasons as it later declared the products liability statute unconstitutional in *Heath.* The court found that the provisions of the statute could not be severed and declared the limitations statute void in its entirety. The court also stated that *Carson* "has no effect on the holding in *Chodakowski*" 424 A.2d 833. The statement, a single sentence, is not ambiguous. Considering that the New Hampshire court has recognized that an unconstitutional law is void *ab initio*, Plaintiff's interpretation is strained. The supreme court wished to emphasize its position in *Chodakowski* to the effect that the legislature can rejuvenate expired causes of action was to remain as the law of New Hampshire. Therefore, Plaintiff's purported reliance on New Hampshire R.S.A. 507–D:2 is misplaced. The statute has been declared unconstitutional and void in its entirety. There are no rights under the statute upon which a plaintiff could rely or which a court may enforce.

An unconstitutional act is not a law; it binds no one, and protects no one.

*Huntington v. Worthen, supra,* 120 U.S. at 101–102, 7 S.Ct. at 471.

■ Furthermore, Plaintiff has failed to demonstrate her claimed reliance upon New Hampshire R.S.A. 507–D:2. In her deposition Plaintiff indicated that after her surgery in 1973 she preferred to put the entire matter behind her.[2] She apparently considered suing several years later but decided to take no action because her husband disapproved. When she consulted an attorney concerning her divorce in 1979 she was advised that she might also have a cause of action for her DES related injuries. Despite receiving this advice Plaintiff took no action until she moved to join this lawsuit in 1980. These facts do not indicate that Plaintiff consciously relied upon a particular statute in planning her lawsuit. Rather, she decided not to sue the Defendant but later changed her mind. The fact that her action is barred by the applicable statute of limitations is truly unfortunate from Plaintiff's point of view. However, her position is no different than that of any other putative plaintiff who has vacillated until the statute of limitations has run. Plaintiff's reliance argument basically boils down to a claim that she filed suit assuming that a particular statute of limitations would apply to her action. If the Court were to accept this theory, a plaintiff could claim to have relied on an inapposite statute of limitations at anytime in order to prevent the action being time barred. This would make a sham of the concept of a statute of limitations. While our judicial system emphasizes the importance of a plaintiff having his or her day in court it also stresses the importance of protecting defendants from stale claims. A plaintiff cannot undermine this policy by claiming reliance on an improper limitations statute.

---

**2.** At the time that Plaintiff should have learned of her cause of action, in 1973, she was nineteen years old and within the age of majority in New Hampshire. *See New Hampshire R.S.A. 21:44 (1983 Cum.Supp.).*

In sum, Plaintiff's purported reliance upon New Hampshire R.S.A. 507–D:2 is misplaced for two reasons. The statute has been declared unconstitutional and therefore is void *ab initio*. Even if this were not the case, Plaintiff can not demonstrated that she in fact relied on the statute in bringing her action.

## DISCOVERY RULE

Once the Court has determined that Plaintiff's cause of action is governed by New Hampshire's six year statute of limitations for tort actions and four year statute covering breach of warranty cases, it must determine when the statutes began to run. This determination is aided by examination of New Hampshire's discovery rule.

The New Hampshire supreme court first enunciated the discovery rule in *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 169–170, 371 A.2d 170, 177 (1977). In that case it stated that a statute of limitations begins to run when a person knows or should have known that she has been injured by the defendant's conduct. *Id.* at 171, 371 A.2d at 173–74. Later that year in *Brown v. Mary Hitchcock Memorial Hospital*, 117 N.H. 739, 378 A.2d 1138 (1977) the court expanded upon the rule. Reasoning that the opportunity to discover the wrongful conduct of the defendant was an essential component of the rule, the court stated the rule to be

> A cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendants' *wrongful* conduct.

*Id.* at 741, 378 A.2d at 1140.

Plaintiff argues that this rule should be given a sweeping interpretation.

■ Plaintiff alleges that she still does not know whether Eli Lilly has acted negligently since Eli Lilly continues to deny manufacture of the DES in question and that under *Brown* the statute of limitations has not yet begun to run. Acceptance of this argument would lead to absurd results. Under Plaintiff's theory a cause of action would not accrue until Defendant either admitted liability or was adjudged liable. As long as anything was in dispute, according to Plaintiff, the cause of action would not accrue. This is not the intention of the discovery rule; the rule is merely designed to delay the running of the statute, not to do away with it entirely. *See Dawson v. Eli Lilly and Co.*, 543 F.Supp. 1330, 1334 (D.D.C.1982); *Fidler v. Eastman Kodak Company*, 714 F.2d 192, 198 (1st Cir.1983) (citing *Dawson*). Plaintiff ignores the fact that the rule articulated in *Brown* includes a requirement that a plaintiff exercise 'reasonable diligence' in determining whether her alleged injury resulted from Defendant's wrongful conduct. This implies that Plaintiff cannot wait several years before attempting to discover the identity of the Defendant or the existence of possible wrongdoing on the Defendant's part and then claim the protection of the discovery rule in an effort to toll the running of the statute of limitations. Plaintiff knew of her DES related injuries as early as March 20, 1973. She was operated upon on April 2, 1973 and spent ten days recuperating in the hospital. She became 19 years of age on April 12, 1973. The age of majority was established at 18 years on June 3, 1973. After her release she decided not to discuss her situation further. The evidence indicates that, had she asked her mother, she would have been informed that the DES she took was an Eli Lilly product. In addition, the 1953 owners of the drugstore where the prescription was filled were able to identify the product. Plaintiff stresses the fact that she did not know that Eli Lilly had manufactured the DES in question until 1980. This is taken as true. However, rather than aiding Plaintiff, this fact underscores her lack of diligence in investigating possible liability connected with her alleged injury. In this case Defendant's identity was easily discoverable; Plaintiff, if she were exercising reasonable diligence, should have discovered Defendant's identity no later than April 12, 1973. At that time she should have at

least suspected possible wrongdoing on the part of the Defendant. Even before 1973 reports of products liability suits, many of them against manufacturers of DES, were widely published. Such articles continued to appear during the several years between Plaintiff's initial awareness of her injury and her bringing suit. Plaintiff herself read an article connecting DES with her type of injury; this article was published in a medical journal and the evidence does not reveal whether the article discussed negligence. However, knowledge of this article together with publicity of law suits brought against DES manufacturers should have alerted Plaintiff to possible wrongdoing. Plaintiff demonstrated an ambivalence regarding her possible cause of action. She made no effort to investigate either the source of the product or any possible wrongdoing until almost *seven years after* she knew of her injury and its cause. Because she has demonstrated a complete lack of diligence, Plaintiff brought suit after the time the protection of the discovery rule provided. *See French v. R.S. Audley, Inc.*, 123 N.H. 476, 464 A.2d 279, 282 (1983).

Plaintiff's conduct is very different from that of the plaintiff in *Fidler v. Eastman Kodak Company, supra,* where the First Circuit indicated that Plaintiff's cause of action, while time barred under the Massachusetts discovery rule, might be extant under New Hampshire law. In *Fidler* the plaintiff had immediately obtained legal and medical advice upon becoming aware of her injury and continued to investigate the possibility of liability on the defendant's part. In the case now before the Court, the Plaintiff has been dilatory, and must accept the consequences of her procrastination.

## CONCLUSION

In conclusion, the Court finds that the applicable statutes of limitations are the six year provision of New Hampshire R.S.A. 508:4 and the four year provision of New Hampshire R.S.A. 382–A:2–725. It finds further that the accrual of Plaintiff's cause of action is governed by the New Hampshire discovery rule and that Plaintiff's action is time-barred. Plaintiff's action is therefore dismissed.

SO ORDERED.