Compensation Appeals Board
No. 99-780

## APPEAL OF PEGGY DENTON

### (New Hampshire Compensation Appeals Board)

December 10, 2001

*Joseph F. McDowell, III, P.A.*, of Manchester (*Richard J. Walsh* on the brief and orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Paul R. Kfoury, Jr.* on the brief and orally), for the respondents, Surge Industries Corporation and AIG Claim Services, Inc.

BRODERICK, J. The petitioner, Peggy Denton, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying her request for interest on medical bills, except those she personally paid. We reverse and remand.

The record supports the following facts. In May 1996, the petitioner sustained an injury while working at Surge Industries Corporation. She filed a workers' compensation claim, which was denied by the employer's carrier, AIG Claim Services, Inc. (AIG), on the basis that the injury did not arise out of her employment. A department of labor hearing officer denied the claim on the same grounds. The petitioner appealed to the board, which found that her injury did arise out of and in the course of her employment. We affirmed the board's decision in December 1998. *Appeal of Surge Industries Corporation*, No. 97-551 (N.H. December 15, 1998). Thereafter, AIG paid the petitioner's outstanding medical bills, which totaled in excess of $60,000.

In 1999, the petitioner sought an award of interest. The board ordered the payment of "any interest actually accrued on indemnity and

permanency awards, excluding medical bills, except when paid out of pocket by the claimant." The board denied the petitioner's motion for reconsideration. This appeal followed.

The petitioner argues that the interest provision of the Workers' Compensation Law, RSA 281-A:44, I (1999), mandates an award of interest on her contested medical bills. RSA 281-A:44, I, provides:

> In any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court and interest at the rate of 10 percent per year on that portion of any award the payment of which is contested. The interest shall be computed from the date of injury.

Relying on *Appeal of Rainville*, 143 N.H. 624 (1999), the petitioner asserts that the "award" contemplated by the statute includes medical bills. She contends that, because she was the prevailing party in a contested award, she is entitled to interest on her medical bills.

■ We are the final arbiter of legislative intent as expressed in the language of a statute. *Appeal of HCA Parkland Medical Ctr.*, 143 N.H. 92, 94 (1998). In construing a statute, we ascribe the plain and ordinary meaning to words used, considering the statute as a whole and interpreting it consistent with its purpose. *Id.* At issue here is the Workers' Compensation Law, which we construe liberally, "resolving all reasonable doubts in statutory construction in favor of the injured employee in order to give the broadest reasonable effect to its remedial purpose." *Rainville*, 143 N.H. at 627 (quotation omitted).

■ The Workers' Compensation Law does not define "award." *See* RSA 281-A:2 (Supp. 2000). Therefore, it is appropriate to examine whether the term has been interpreted by this court. In *Rainville*, we construed "award" to include medical benefits in the context of RSA 281-A:43, I(b) (Supp. 1998), the section of the statute pertaining to payment of awards pending appeal. *Rainville*, 143 N.H. at 628. "Words used with plain meaning in one part of a statute are to be given the same meaning in other parts of the statute, unless a contrary intention is clearly shown." *Appeal of Town of Conway*, 121 N.H. 372, 373 (1981) (quotation, brackets and ellipses omitted). In examining the statute, we find no indication that the legislature intended the word "award" to have different meanings in sections :43, I(b) and :44, I. Consistent with our prior interpretation of

"award" and with the statute's remedial purpose, we interpret "award" in RSA 281-A:44, I, to include medical benefits.

Surge and AIG assert that the interest provision applies only to medical bills which have been paid by the claimant and not to contested bills which the employer or its carrier have not paid. In support of their position, they rely not on the plain language of the statute, but on New Hampshire Code of Administrative Rules, Lab 208.01(b) (effective July 18, 1998).

In workers' compensation cases, a party's rights and liabilities, as well as the amount of compensation to which an employee is entitled, are determined by the law in force at the time of the injury. *Appeal of Cote*, 144 N.H. 126, 128 (1999). Since Lab 208.01(b) was not in force at the time of the claimant's injury, we need not consider it for the disposition of this case.

Our interpretation of the statute, however, is consistent with New Hampshire Code of Administrative Rules, Lab 510.05, in effect on the date of the petitioner's injury. Lab 510.05 provided:

> If the employee prevails in a contested case appealed to the board or Supreme Court or both, the employee shall be entitled to reasonable counsel fees and interest at the rate of 10% per year on *unpaid* benefits as per RSA 281-A:44 . . . . Interest shall be computed from the date of injury where compensability is in dispute in the first instance and benefits have not been paid . . . .

(Emphasis added.)

Both RSA 281-A:44, I, and Lab 510.05 treat all unpaid and contested benefits alike. The claimant is entitled to interest if she prevails. Neither the statute nor the administrative rule limit entitlement to interest on medical bills to those instances where a claimant has actually made an out-of-pocket payment. While it may not seem warranted to award a claimant interest on medical bills she has not paid, it is not for us to fashion such a limitation where the legislature has chosen not to do so.

Surge and AIG argue, however, that our decision in *Corson v. Brown Products, Inc.*, 119 N.H. 20 (1979), precludes the petitioner from receiving interest on her medical bills. We disagree. In *Corson*, the claimant's medical bills were paid by the employer's health insurance carrier until the workers' compensation decision in his favor. Thereafter, the employer paid the medical bills. *Id.* at 27. Based upon a virtually identical predecessor interest provision to RSA 281-A:44, I, we denied the employee interest on medical bills because, unlike here, they were *not contested*; rather they were fully and promptly paid by or through the employer. Our decision in *Corson* is entirely consistent with our holding today.

In this case, the board awarded the petitioner workers' compensation benefits, including medical benefits. Her substantial medical bills were contested and went unpaid by the employer and its carrier until we affirmed the board's decision. Consistent with our construction of "award" to include medical benefits and with our interpretation of the interest provision in RSA 281-A:44, I, and the applicable administrative rule enacted under it, we hold that the petitioner is entitled to interest on her medical bills. Accordingly, we reverse the board's denial of interest and remand for a determination of the interest due.

*Reversed and remanded.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred; DUGGAN, J., dissented.

DUGGAN, J., dissenting: RSA 281-A:44, I (1999) requires that if a claimant prevails in an appeal pertaining to the amount of benefits payable under RSA chapter 281-A, the claimant shall be entitled to "interest at the rate of 10 percent per year on that portion of any award the payment of which is contested." The statute does not specify whether interest may be awarded on medical expenses that were not paid out-of-pocket by the claimant. The interpretation of a statute is ultimately a question of law for this court. *See Gaucher v. Cold Springs RV Corp.*, 142 N.H. 299, 301 (1997). In determining the legislature's intent, "we will focus on the statute as a whole, not on isolated words or phrases." *Snow v. American Morgan Horse Assoc.*, 141 N.H. 467, 471 (1996).

The overriding purpose of the Workers' Compensation Law is remedial. *See Appeal of Brown*, 143 N.H. 112, 119 (1998). Rather than being designed to punish employers, the purpose of workers' compensation is to compensate individuals and to make them whole. Awarding interest on medical expenses that have not been paid out-of-pocket by a claimant does not further this goal, because the reason for awarding interest is to compensate for the loss of the use of money. *See Galloway v. Chicago-Soft, Ltd.*, 142 N.H. 752, 761 (1998).

In *Corson v. Brown Products, Inc.*, 119 N.H. 20 (1979), we recognized that awarding interest to a claimant who never paid the medical bills would result in a windfall to the claimant. In *Corson*, we denied a claimant's request for interest on medical bills which were previously paid by Blue Cross and Blue Shield, the employer's group carrier. *See id.* at 27. It is possible to distinguish *Corson* from the present case because in *Corson*, the bills were timely paid by Blue Cross and Blue Shield while here, the bills were not paid until the end of litigation. *Corson's* holding does not, however, turn on this difference. Rather, the underlying rationale in

*Corson* is broader; that is, whether a "principle of justice or equity would be served" by giving a claimant an interest payment when the services were previously paid for by the employer's group insurance. *Id.* Likewise, in this case providing interest to the claimant on unpaid medical bills fails to serve any principle of justice or equity.

This court's decision in *Appeal of Rainville*, 143 N.H. 624 (1999), does not affect our holding in *Corson*. *Appeal of Rainville* holds that in another section of the Workers' Compensation Law, the term "award" includes medical benefits. *See id.* at 628. For purposes of calculating interest, *Corson* also held that medical benefits are implicitly included in the term "award," but only when the claimant pays the bills, not when the employer or its insurance carrier does so. *See Corson*, 119 N.H. at 27. Affirming the decision of the compensation appeals board in this case would be consistent with *Corson*.