Hillsborough
No. 89-324

CITY OF MANCHESTER

v.

ROBERT DOUCET

November 9, 1990

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Richard E. Galway* on the brief and orally), for the plaintiff.

*Craig & Wenners P.A.*, of Manchester (*Vincent A. Wenners, Jr.*, and *Scott L. Hood* on the brief, and *Mr. Wenners* orally), for the defendant.

THAYER, J.    The defendant, Robert Doucet, appeals from a decision of the Superior Court (*Goode*, J.) denying him an award of his attorney's fees pursuant to RSA 281:37-a (recodified as RSA 281-A:44, effective July 1, 1989). We reverse and remand.

Within a few hours of fighting a fire on July 28, 1983, in the course of his employment as a firefighter for the City of Manchester, the defendant, Robert Doucet, experienced blurred vision, numbness of his hands and one of his arms, headaches, dizziness and fatigue. Three days later, he suffered a stroke. Mr. Doucet filed a claim for workers' compensation benefits, which the City of Manchester denied on January 1, 1984, as not causally related to the employment.

Mr. Doucet appealed to the New Hampshire Department of Labor, and a hearing was held on March 1, 1984. The department found that Mr. Doucet's stroke had arisen out of and in the course of his employment as a firefighter for the plaintiff City of Manchester. Mr. Doucet was awarded temporary total disability benefits.

On June 20, 1984, the City of Manchester appealed the decision of the department of labor to the superior court and requested a trial *de novo* on the issue of whether the defendant's stroke was causally related to his employment. The superior court affirmed the department of labor's decision in favor of Mr. Doucet.

On March 8, 1989, Mr. Doucet filed a motion for attorney's fees pursuant to RSA 281:37-a, which provides that "[i]n any dispute over the amount of [workers' compensation] benefits payable under this chapter which is appealed to the superior or supreme courts, the employee, if he prevails, shall be entitled to reasonable counsel fees

as approved by the Court . . . ." Mr. Doucet requested an attorney's fee award equal to one-third of the total benefits paid to date plus an amount equal to one-third of weekly future benefits. The request was based on a contingency fee agreement Mr. Doucet executed with his attorney on July 16, 1984.

A hearing was held in the superior court on June 14, 1989, to determine an appropriate attorney's fee. Mr. Doucet's attorney testified that: he was experienced in the area of workers' compensation; he was entirely successful before both the labor department and the superior court; the degree of difficulty of the case was enhanced because Mr. Doucet had limited recall and ability to testify due to his stroke; extensive benefits had already been received by Mr. Doucet and would continue weekly into the future; and it was customary in the area to charge fees on a contingent basis. Mr. Doucet's counsel put into evidence the contingency fee agreement as support for his position that the fees requested were reasonable. Because the case was accepted on a contingency fee basis, counsel did not keep time records and, therefore, none were produced at the hearing.

The superior court denied the motion for attorney's fees on June 20, 1989. The court concluded that "[c]ounsel's contingent fees as set out in defendant's motion are deemed to be unreasonable. [Defendant's counsel's] testimony that he keeps no time records, but bills by way of his 'best estimate—on my ability to reconstruct' presented the Court with no meaningful basis on which to determine what, if any, reasonable fees could be awarded in this case."

On appeal, the defendant argues that whether a request for attorney's fees pursuant to RSA 281:37-a is reasonable is determined by a number of factors which the superior court failed to address. The City of Manchester, however, argues that Mr. Doucet failed to provide the court with a basis upon which to calculate a reasonable attorney's fee award, because his attorney did not keep time records of the legal services he provided. The City contends that the superior court did not abuse its discretion in denying attorney's fees, because the principal evidence presented by Mr. Doucet in support of his request for reasonable attorney's fees, the contingency fee agreement, was wholly inadequate. We agree with the defendant.

■ This court will not disturb the trial court's determination of a reasonable fee unless it is lacking in evidentiary support or is tainted by error of law. *Cheshire Toyota/Volvo, Inc. v. O'Sullivan*, 132 N.H. 168, 171, 562 A.2d 788, 790 (1989); *Burnham v. Downing*, 125 N.H. 293, 296, 480 A.2d 128, 130 (1984). For the reasons which follow, we

hold that the superior court erred in denying Mr. Doucet's request for attorney's fees, and we reverse and remand the case.

■■■ It is clear from the language of RSA 281:37-a that Mr. Doucet is entitled to attorney's fees. He prevailed before both the labor department and the superior court after hearings on the merits. RSA 281:37-a states that "the employee, if he prevails, *shall* be entitled to reasonable counsel fees." (Emphasis added.) Pursuant to general rules of statutory construction, the word "shall" is a command, which requires mandatory enforcement. *In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983); *New Hampshire-Vermont Health Service v. Commissioner of Insurance*, 122 N.H. 268, 272, 444 A.2d 508, 510 (1982). The superior court erred as a matter of law, therefore, in denying Mr. Doucet any attorney's fees as provided for by the statute.

■■■ The criteria for determining an award of reasonable attorney's fees pursuant to RSA 281:37-a are set forth in *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977). "Relevant factors in the determination of reasonable fees include the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." *Id.* at 296, 371 A.2d at 1186; *see also* Disciplinary Rule 2-106(b) of the CODE OF PROFESSIONAL RESPONSIBILITY (presently Rule 1.5(a) of the RULES OF PROFESSIONAL CONDUCT); *Corson v. Brown Products, Inc.*, 120 N.H. 665, 667, 421 A.2d 1005, 1007 (1980); *Seppala & Aho Construction Company v. Elton*, 119 N.H. 634, 636, 406 A.2d 460, 462 (1979).

■■■ This court has established that contingent fee agreements in workers' compensation cases are not *per se* unreasonable. *Couture, supra* at 296, 371 A.2d at 1186. While a contingent fee arrangement is not to be "rubber stamped," it is one of a number of factors for a court to consider in determining a reasonable fee. *Cheshire Toyota/Volvo*, 132 N.H. at 171, 562 A.2d at 790. The City of Manchester argues that the proper method for determining a reasonable fee in workers' compensation cases is to multiply the number of hours reasonably spent on litigation by a reasonable hourly rate. This argument, apparently accepted by the trial court, ignores case precedent cited above. In these cases the *Couture* elements must all be considered, and the federal cases plaintiff relies on are inapposite.

Mr. Doucet's attorney presented some evidence on each of the *Couture* elements at the attorney's fee hearing on June 14, 1989. Although contemporaneous time records could not be provided because none were kept, that alone does not as a matter of law reduce allowable attorney's fees to zero. Testimony at the hearing indicated that a "fair amount of time" had been spent by the attorney preparing Mr. Doucet's expert witness and taking his deposition, that "several hours" were spent preparing to cross-examine the defendant's expert witness, that Mr. Doucet's attorney was up "reasonably late" the night before the trial, that two hearings were held in the matter, and that the medical issue involved in the case was complex. Although the attorney stated that he could reconstruct the time spent with more specificity, such information was never presented to the trial court.

■ Despite the absence of time records, there was sufficient evidence before the trial judge upon which to calculate a reasonable attorney's fee under RSA 281:37-a. While he was not obligated to award attorney's fees in the amount provided by the contingent fee agreement, we hold that the trial judge erred as a matter of law in concluding that no attorney's fees were proven under the criteria set forth in *Couture*,. and remand for a hearing and reconsideration of the issue of attorney's fees.

*Reversed and remanded for further proceedings consistent with this opinion.*

HORTON, J., did not sit; the others concurred.