Compensation Appeals Board
No. 96-437

APPEAL OF BRIAN STANIELS

(New Hampshire Compensation Appeals Board)

May 19, 1998

*James E. Townsend*, of Londonderry, by brief and orally, for the claimant.

*Devine & Nyquist*, of Manchester (*Corey Belobrow* on the brief and orally), for respondent Fireman's Fund Insurance Company.

BROCK, C.J. The claimant, Brian Staniels, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying his request for attorney's fees. *See* RSA 281-A:44, I (Supp. 1997). He also challenges the board's decision to limit its consideration of new evidence he raised on appeal. We affirm in part, reverse in part, and remand.

The claimant suffered a back injury on May 20, 1991, when he fell from a truck while working for his employer, Stonyfield Farm, Inc. The respondents, Stonyfield Farm and its insurance carrier, Fireman's Fund Insurance Company, voluntarily paid the claimant temporary total disability benefits until 1993. In May 1993, the respondents requested that the claimant's benefits be terminated pursuant to RSA 281-A:48 (Supp. 1997) because he was no longer totally disabled, *see* RSA 281-A:28 (Supp. 1997), and he failed to cooperate with vocational rehabilitation, *see* RSA 281-A:25, V (Supp. 1997). In July 1993, the claimant prevailed on both issues after a hearing before a department of labor hearing officer. The respondents did not appeal this decision.

In April 1994, the respondents sought termination of the claimant's benefits based on the same issues raised in the July 1993 hearing. In his response, the claimant alleged that the respondents failed to pay his medical bills. *See* RSA 281-A:23 (Supp. 1997). In December 1994, a department of labor hearing officer found that the claimant was not totally disabled and reduced his benefits to the diminished earning capacity rate. The hearing officer also ordered the respondents to pay the claimant's medical bills, and concluded that although the claimant cooperated with vocational rehabilitation, he lacked "motivation to improve his vocational problems" and thus was no longer entitled to vocational rehabilitation assistance. The parties appealed to the board.

After a *de novo* hearing in March 1996, the board concluded that the claimant was not totally disabled, was entitled to compensation at the diminished earning capacity rate, and cooperated with vocational rehabilitation. The board denied the claimant's request for attorney's fees. *See* RSA 281-A:44, I.

During his hearing before the board, the claimant presented evidence of his March 1995 back surgery to establish his current disabled condition. The board, however, limited its consideration of the March 1995 surgery to the claimant's condition as of December 1994, which was the issue previously before the department of labor hearing officer and appealed to the board. The claimant appeals. *See* RSA 281-A:43, I(c) (Supp. 1997).

On appeal, the claimant argues that the board erred in: (1) ruling that evidence relating to the claimant's March 1995 surgery was only relevant to the extent of his disability as of December 1994; (2) ruling that the issue of the respondents' failure to pay the claimant's medical bills was not properly before it; and (3) denying the claimant's request for attorney's fees.

■ We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable. RSA 541:13 (1997); *Appeal of Kehoe*, 141 N.H. 412, 415, 686 A.2d 749, 752 (1996). The claimant, as the appealing party, bears the burden of demonstrating that the board's decision was erroneous. RSA 541:13.

We first address the claimant's argument that the board erroneously limited its consideration of the evidence regarding his March 1995 back surgery as relevant only to the issue of whether the claimant was disabled as of December 1994, when the department of labor hearing officer considered the matter. The claimant argues that the extent of his disability, including his current medical condition, was the issue on appeal before the board.

■ "The [board's] *de novo* review of department of labor workers' compensation decisions is limited to issues raised in the [department of labor] proceedings being appealed." *Leccacorvi v. N.H. Workers' Comp. Commission*, 135 N.H. 91, 94, 601 A.2d 165, 167 (1991) (decided under prior version of RSA 281-A:43, I (Supp. 1997)). A department of labor hearing officer's decision is "an adjudication as to the condition of the injured [employee] at the time it was entered," *Johnson v. Aetna Life & Casualty Co.*, 131 N.H. 698, 701, 559 A.2d 838, 840 (1989) (quotation and brackets omitted), and "is not a judgment as to the claimant's future condition," *Morin v. J.H. Valliere Co.*, 113 N.H. 431, 434, 309 A.2d 153, 155 (1973).

Accordingly, the issue decided by the department of labor hearing officer and appealed to the board was the claimant's condition as of December 1994, the date of the hearing before the department of labor hearing officer, and the board correctly considered the claimant's March 1995 surgery to be relevant only to that issue. Any change in the claimant's condition as a result of his March 1995 surgery may constitute adequate grounds for filing a new petition with the department of labor, *see* RSA 281-A:48, I; *Appeal of Elliott,* 140 N.H. 607, 610, 675 A.2d 204, 206 (1996), which the claimant did after his 1996 hearing before the board.

We next address the claimant's assertion that the board erred in ruling that the issue of the respondents' obligation to pay the claimant's medical bills was not properly before it. *See* RSA 281-A:23. Responding to the claimant's motion for rehearing on this issue, *see* RSA 541:3 (1997), the board explained that because "[medical] bills were not put in issue by the parties [at] the hearing, they cannot have been before the Panel for decision and therefore the prior decision of the Department of Labor [hearing officer] . . . must be found to be the final disposition of the matter." The claimant protests this ruling because unless this issue was before the board, the claimant could not have been a prevailing party entitled to attorney's fees under RSA 281-A:44, I.

We conclude that the board's ruling is erroneous because, based on the record before us, the issue of the respondents' obligation to pay the claimant's medical bills was properly before the board. The respondents clearly appealed this issue to the board in compliance with RSA 281-A:48, V. Although the respondents did not pursue this issue during the appeal hearing, they did not formally withdraw the issue until their objection to the claimant's motion for rehearing, filed over a month after the board's decision, in which the respondents stated that they did not dispute the medical bills issue. Meanwhile, the claimant considered the medical bills issue to be contested and, therefore, addressed it in his pleadings and during his hearing before the board. After reviewing the evidence presented at the hearing before the board, we conclude that the claimant prevailed on this issue and is therefore entitled to attorney's fees. We remand to the board to determine the amount of attorney's fees to which the claimant is entitled. *City of Manchester v. Doucet,* 133 N.H. 680, 683, 582 A.2d 288, 290 (1990).

Finally, we address the claimant's argument that the board erroneously denied his request for attorney's fees. RSA 281-A:44, I, provides that

[i]n any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court . . . .

Because we have already determined that the claimant prevailed on the medical bills issue, we need only address whether he prevailed concerning the extent of his disability and the vocational rehabilitation issue.

▇ The claimant did not prevail on his claim that he was totally disabled. Although the board did not terminate his benefits, it reduced his temporary total disability benefits to diminished earning capacity rate benefits. The claimant did prevail, however, on the issue of whether he cooperated with vocational rehabilitation. *See* RSA 281-A:25, V. Therefore, pursuant to RSA 281-A:44, I, the claimant is entitled to attorney's fees for this issue. *See Doucet*, 133 N.H. at 683, 582 A.2d at 290. We note that if the claimant seeks attorney's fees for his appeal to this court, he must file a separate request.

In sum, we affirm the board's decision to limit the use of the claimant's evidence regarding his March 1995 back surgery. We reverse the board's ruling that the issue of the claimant's medical bills was not properly before it, as well as its failure to award the claimant attorney's fees for the vocational rehabilitation issue. We hold that the claimant prevailed on both of these issues, and remand for a determination of the reasonable amount of attorney's fees that the claimant should receive from the respondents.

*Affirmed in part; reversed in part; remanded.*

All concurred.