Compensation Appeals Board
Nos. 93-505
    96-602

APPEAL OF EUGENE BROWN

(New Hampshire Compensation Appeals Board)

November 4, 1998

*Eric P. Bernard, P.C.*, of Manchester (*Eric P. Bernard* and *Angela D. Racht* on the brief, and *Mr. Bernard* orally), for the petitioner.

*Devine, Millimet & Branch, Professional Association*, of Manchester (*Patrick C. McHugh* on the brief and orally), for the respondent.

JOHNSON, J. The petitioner, Eugene Brown, appeals a decision of the compensation appeals board (board) dismissing his claim on the basis of defective notice. In addition, Brown requests that we grant a motion for attorney's fees associated with a prior appeal to this court. We reverse and remand.

This is Brown's second appeal on the issue of notice. Both appeals arose from the following facts as adduced at the most recent hearing before the board in October 1995. Brown was employed as a laborer during the construction of the Seabrook Nuclear Power Plant in January 1982. A subsidiary of respondent Perini Construction (Perini) was a subcontractor at the Seabrook construction project. The respondent's insurer, Commercial Union Insurance Company (Commercial Union), was the workers' compensation carrier for the entire Seabrook project. Brown testified that on January 13, 1982, he suffered an injury to his elbow and upper arm while lifting some construction materials at the Seabrook site. Brown stated that he continued working despite the pain in his arm. He further testified

that when the pain failed to subside two days later, he reported the injury to two of Perini's foremen who told Brown to "get it on the record" by reporting the injury to the on-site nurse, Kenneth Weller. Although Nurse Weller did not remember Brown's visit to the first-aid station at Seabrook, he did complete a "Minor Injury Report" detailing the time and date of Brown's treatment and nature of the injury. The report indicates that Nurse Weller instructed Brown to obtain an orthopedic evaluation and "keep us informed." Brown subsequently saw Dr. Albright, who recommended that Brown have surgery on his arm. According to Brown, he refused surgery and continued working at Seabrook because he could not afford to take time off from work. Brown testified that he sought no further treatment until 1991, and he eventually had surgery on his elbow in January 1992.

Brown filed a notice of accidental injury form with the department of labor in October 1991 and was subsequently denied benefits by Commercial Union. Brown's claim with the department of labor was denied in April 1992 on the basis that he had failed to give his employer timely notice. See RSA 281:16, :17 (1977) (repealed) (employee must give notice of *injury* to employer in a timely fashion); *cf.* RSA 281-A:21-a (Supp. 1997) (enacted after the employee's alleged accident, statute requires that employee file claim for benefits within three years of date of injury). Brown appealed to the board which held, on May 5, 1993 (1993 decision), that even if the respondent and its insurer had received defective, but timely notice, they were prejudiced by Brown's nine-year delay in filing his claim. See RSA 281:17 (1977) (repealed) (defective notice will not bar a claim unless employer is prejudiced by the defect). This court reversed the board in an unpublished order dated December 14, 1994, on the basis that although the respondent received actual, albeit defective notice, there was no evidence in the record to support the board's finding of prejudice. We remanded the case for further proceedings on that issue. On remand, the board held an evidentiary hearing on October 25, 1995, and, in April 1996, denied Brown's claim (1996 decision) on the basis that the respondent and its insurer had shown that they were prejudiced by Brown's defective notice.

One week after our 1994 decision remanding the case to the board for further proceedings, Brown filed a request for attorney's fees with the department of labor. See RSA 281-A:44 (Supp. 1997); RSA 281:37-a (1987) (repealed). The respondent objected, claiming that Brown was not entitled to fees because he had not yet received any workers' compensation benefits. Although Brown included issues

regarding fees in his request for findings of fact and rulings of law before the board on remand, Brown's attorney informed the board at the October 1995 hearing that it could "ignore for now" those findings and concentrate on the issue of prejudice. Brown subsequently filed a motion with this court for attorney's fees associated with his 1993 appeal to the board and the first appeal to this court. The respondent objected, and we subsequently accepted the fee issue for briefing and oral argument in conjunction with the pending appeal regarding the board's 1996 decision.

*I. Prejudice*

Brown contends that the board erred in finding that the respondent was prejudiced by his failure to file written notice until 1991. "We will not overturn the board's decision, except for errors of law, unless the petitioner has shown it to be clearly unreasonable or unjust." *Appeal of Lalime,* 141 N.H. 534, 537, 687 A.2d 994, 997 (1996); *see* RSA 541:13 (1997).

In this case, the respondent bore the burden of proving that it was prejudiced by Brown's defective notice. *See Bolduc v. Company,* 97 N.H. 360, 366, 89 A.2d 539, 541 (1952); RSA 281:17 (1977) (repealed). Whether an employer or carrier is prejudiced by defective notice of injury is a question of fact. *See, e.g., Pike v. Gas Service Co.,* 573 P.2d 1055, 1057 (Kan. 1978). "The board's findings of fact will not be disturbed if they are supported by competent evidence in the record upon which the board's decision reasonably could have been made." *Appeal of Kehoe,* 141 N.H. 412, 415, 686 A.2d 749, 752 (1996) (citation omitted). Although the determination of prejudice is one of fact, when it may properly be asserted is a question of law, *see Bunten v. Davis,* 82 N.H. 304, 311, 133 A. 16, 20 (1926), reviewable *de novo* by this court. *Cf. Appeal of Hooker,* 142 N.H. 40, 47, 694 A.2d 984, 988 (1997); RSA 541:13.

The board found that

> had Commercial Union/Perini received proper notice, this case would have been investigated, reserved and tracked in a manner [which] is now impossible. Even activities which are not impossible at this stage . . . are likely to be unduly expensive to the carrier/employer due to the absence of information on witnesses' whereabouts. Memories have clearly faded. It is impossible to encourage early medical treatment which may have reduced the severity of the harm.

On appeal, Brown contends that because the respondent and its insurer failed to properly follow workers' compensation procedures established by statute and their own policies regarding injury reporting, the respondent cannot now claim prejudice. We agree. Three witnesses testified that given the sheer size of the Seabrook project — which employed over ten thousand workers — the respondent and its insurer, apparently with the blessing of the department of labor, developed their own method of reporting workplace injuries. Specifically, when an employee was injured at the site, he or she would report to the on-site nurse, who would fill out a "minor injury card." Only if the injury required outside care and the expenditure of money would a first report of injury be filed with the department of labor and insurance carrier. Normally, the insurance carrier would not be put on notice to manage and adjust the claim until after the first report of injury was filed. Notably, this *ad hoc* policy was in direct conflict with the then-existing statute that required employers to file a first report of injury with the department of labor within five days of the accident. *See* RSA 281:46 (1987) (repealed). An official of Commercial Union testified that the purpose of this policy was to assist the employer, department of labor, and carrier in managing the injury reporting system given the large volume of minor injuries that occurred at the Seabrook construction site.

The on-site nurse testified further that "notice of accidental injury forms" to be completed by the employee, *see* RSA 281:18 (1977) (repealed) (employee must inform employer in writing of accidental injury), were not available on-site, and that employees were not instructed to fill them out. Instead, the nurse testified that "[a]ll the paperwork, as far as [workers' compensation], was to go through my office." The on-site nurse further admitted that even if an injured employee was sent to an outside physician for additional treatment, the employee was not ordinarily informed that if the employee failed to report back to the on-site nurse, a first report of injury would not be filed.

Accordingly, we find that it is unreasonable as a matter of law for the respondent now to claim that it was prejudiced by lack of notice under a reporting system established for the respondent's convenience. Brown acted in accordance with the procedures set up by the respondent and its insurer by going to the on-site nurse to "get [an account of his injury] on the record." Although the evidence on the record supports the board's finding that had the respondent and its insurer received proper notice, Brown's claim would have

been more promptly investigated, making it less difficult for the respondent and its insurer to process the claim, we hold as a matter of law that prejudice of the employer's own doing is not sufficient to bar the claim. *Cf. McIntire v. Woodall*, 140 N.H. 228, 230, 666 A.2d 934, 936 (1995) (party's failure to cure potential prejudice precludes finding of prejudice). Brown cannot now be faulted for the fact that neither the respondent nor its agents apparently followed up a report of injury made pursuant to the respondent's own procedures. Accordingly, we reverse the board's ruling and remand this case to the board for further proceedings.

*II. Attorney's Fees*

■   Brown filed requests with both this court and the department of labor for attorney's fees and costs associated with Brown's first appeal to both the board and this court. As a preliminary matter, the respondent argues that we should decline to decide the issue of attorney's fees because Brown's attorney informed the board at the October 1995 hearing that it could "ignore for now" the issue of fees. Furthermore, the respondent asserts that Brown did not file a motion for fees directly with the board and likewise failed to raise the issue in his motion for rehearing of the board's 1996 decision. Review of board decisions is governed by RSA chapter 541. *See* RSA 281-A:43, I(c) (Supp. 1997). RSA 541:4 (1997) provides that a motion for rehearing

> shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable. No appeal from any order or decision of the [board] shall be taken unless the appellant shall have made application for rehearing as herein provided, and when such application shall have been made, no ground not set forth therein shall be urged, relied on, or given any consideration by the court, unless the court for good cause shown shall allow the appellant to specify additional grounds.

In his motion for fees and in his brief, however, Brown argued that RSA 281-A:44, I, is vague as to the procedure to be followed for requesting an award of fees and costs. We agree. The current version of RSA 281-A:44, I (Supp. 1997) and its predecessors in effect during the pendency of this case, *see* RSA 281-A:44, I (Supp. 1992) (amended 1990, 1993); RSA 281:37-a (1987) (repealed), state only that reasonable fees shall be approved by the appellate body, but do not establish any procedural rules for applying for those fees. *See also* Laws 1969, 187:1 (enactment of fee provision). Accordingly,

given the unique nature of this case, *cf. Appeal of Griffin*, 140 N.H. 650, 654, 671 A.2d 541, 543 (1996), and the fact that heretofore claimants have not received any guidance on the proper procedure to be used to apply for attorney's fees and costs, we believe that the issue is properly before us. *See* RSA 541:4.

Accordingly, we turn to the issue of whether Brown is entitled to attorney's fees and costs under the workers' compensation statute. RSA 281-A:44, I (Supp. 1997) currently provides in pertinent part:

> In any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court . . . .

*See* N.H. ADMIN. RULES, Lab 510.05. As a preliminary matter, we note that the provision for "costs" was added to the statute in 1993, *see* Laws 1993, 105:1, and it is unclear whether an employee injured before the effective date of the statute is entitled to collect costs. Because the parties did not raise or argue this issue in the present appeal, and in light of our disposition of this issue, we express no opinion as to whether Brown is entitled to "costs." *See Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 60, 623 A.2d 746, 748 (1993).

The current version of RSA 281-A:44, I (Supp. 1997), and its predecessors, *see* RSA 281-A:44, I (Supp. 1992) (amended 1990, 1993); RSA 281:37-a (1987) (repealed); Laws 1969, 187:1, require that an employee prevail before fees will be awarded. Brown contends that he is entitled to fees related to his appeals to the compensation appeals board and this court from the April 1992 denial of benefits by the department of labor. He argues that he "prevailed" under the statute when we reversed the May 1993 decision of the board in December 1994. The respondent contends that Brown did not "prevail" in December 1994 because Brown had yet to receive any monetary benefits under the statute. Accordingly, we must determine whether Brown prevailed under the statute, and if so, to what extent he prevailed and is *entitled* to collect fees. *See City of Manchester v. Doucet*, 133 N.H. 680, 683, 582 A.2d 288, 290 (1990) (term "shall" in statute signifies entitlement of prevailing party) (decided under prior law).

We are the final arbiter of the meaning of the workers' compensation statute, and "[t]he nature and extent of compensation to the injured employee . . . is governed by the express statutory language and that which can be fairly implied therefrom." *Rooney v.*

*Fireman's Fund Ins. Co.*, 138 N.H. 637, 638-39, 645 A.2d 52, 53 (1994) (quotation omitted). If the language of the statute is ambiguous, we will adopt a construction favorable to the claimant "in order to give the broadest reasonable effect to the remedial purpose of the workers' compensation laws." *Appeal of Griffin*, 140 N.H. at 654, 671 A.2d at 543.

The term "prevail" is not defined in the statute. *See generally* RSA 281-A:2 (Supp. 1997); RSA 281:2 (1987) (repealed). Accordingly, we first look to its plain meaning for guidance. *See Board of Water Comm'rs, Laconia Water Works v. Mooney*, 139 N.H. 621, 626, 660 A.2d 1121, 1125 (1995). "Prevail" has been defined as "to be or become effective or effectual: be successful." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1787 (unabridged ed. 1961). Applying that definition would lead us to conclude that Brown is entitled to fees because he was "successful" in the first appeal before this court. That narrow definition, of course, does not answer the central question of this appeal; namely, to what *extent* a claimant must succeed before entitlement.

We conclude that the remedial purpose of the workers' compensation law is best served by a rule that encourages claimants with meritorious appeals to seek compensation through the appeals process, *cf. Galloway v. Chicago-Soft, Ltd.*, 142 N.H. 752, 759-60, 713 A.2d 982, 986 (1998) (awarding attorney's fees pursuant to wage claim statute), while discouraging unnecessary litigation, *see Bothwick v. State*, 119 N.H. 583, 589, 406 A.2d 462, 466 (1979). Further, the compensatory purpose of the statute is advanced when competent counsel is available to all injured workers. *See Wise Mechanical Contractors v. Bignell*, 718 P.2d 971, 975 (Alaska 1986). *See generally Seppala & Aho Constr. Co. v. Elton*, 119 N.H. 634, 636-37, 406 A.2d 460, 462 (1979).

■ Accordingly, we hold that in order for a claimant who initiates the appeal process to "prevail" for purposes of RSA 281-A:44, I, that claimant, as a result of the appeal to that appellate body, must have secured a legal right or financial benefit greater than he or she had received prior to the appeal. *Cf. Petition of Blake*, 137 N.H. 43, 50, 623 A.2d 741, 745 (1993); *Bothwick*, 119 N.H. at 589, 406 A.2d at 466. If the employer initiates the appeal, fees are appropriate when the claimant prevails in the defense of his or her entitlement. *See Appeal of Staniels*, 142 N.H. 794, 797, 709 A.2d 1325, 1327 (1998); *cf. Doucet*, 133 N.H. at 681-83, 582 A.2d at 289-90 (claimant entitled to fees in appeal by employer after superior court affirmed decision of labor department). Of course, any fee awarded

must still be reasonable. *See Doucet*, 133 N.H. at 683, 582 A.2d at 290 (setting forth criteria to determine reasonableness of fee awarded under workers' compensation statute).

■ The respondent argues that it is inappropriate to award fees in this instance because Brown has not yet recovered payments under the statute. In *Bothwick*, 119 N.H. at 589, 406 A.2d at 466, we concluded that payment of fees was not appropriate where the claimant unsuccessfully appealed the amount of the award granted by the labor department, since the claimant had not "benefited as a result of [the] decision." We did not, however, define the "benefit" requirement alluded to, nor did we limit "benefit" to monetary gain. *Id.* We hold that a "benefit" entitling the claimant to fees is not limited to payment of compensation. It could include the grant of a nonmonetary benefit, such as a new hearing. Accordingly, the respondent's argument that Brown is not entitled to fees because Brown has not received any workers' compensation benefits in excess of those ordered by the hearing officer is correct to the extent that thus far Brown has not received any additional rights or compensation as a result of his 1993 and 1995 appeals to the board. If on remand, however, the board awards compensation to Brown, he will then be entitled to receive reasonable attorney's fees associated with all proceedings before the board. Brown is entitled, however, to fees incurred on his appeals to this court because in both cases he received a right — the right to have a hearing on prejudice in the first appeal and a hearing on entitlement to benefits on remand from this appeal — that he did not possess prior to either appeal.

We note that fee provisions in some States' workers' compensation statutes specifically define "prevail" as including only cases where a claimant receives benefits under the act. Courts in those jurisdictions will grant fees only after compensation has been awarded. *See Estes v. N.C. State University*, 449 S.E.2d 762, 764-65 (N.C. Ct. App. 1994); *Ayotte v. United Services, Inc.*, 567 A.2d 430, 434 (Me. 1989); *Phelps Dodge Corp. v. Guerra*, 582 P.2d 819, 824 (N.M. 1978). Our statute contains no such limitation, and since "[t]he legislature must be presumed to know the meaning of words, and to have used the words of a statute advisedly," *Caswell v. BCI Geonetics, Inc.*, 121 N.H. 1048, 1050, 437 A.2d 321, 322 (1981) (quotation omitted), we will not add words to the statute, and thereby establish limitations on recovery, that the legislature did not choose to include. *See Olson v. Town of Fitzwilliam*, 142 N.H. 339, 344, 702 A.2d 318, 321 (1997); *cf. Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979) ("this court cannot speculate upon any supposed legislative

intent not appropriately expressed in the language of the act itself").

■ The respondent next asserts that Brown is not entitled to recover fees incurred during the first appeal to this court because we did not adopt Brown's arguments made during that appeal. We disagree. Where the unsuccessful claims are severable analytically from the successful ones, any fee award should be reduced to exclude time spent on unsuccessful claims. *See Staniels*, 142 N.H. at 798, 709 A.2d at 1327; *cf. Funtown USA, Inc. v. Town of Conway*, 129 N.H. 352, 356, 529 A.2d 882, 885 (1987). The purpose of this rule is to ensure that employers are not responsible for fees associated with ancillary nonmeritorious claims simply because claimant's counsel has mounted a successful appeal on an unrelated issue. Any alleged inadequacy in Brown's arguments is relevant not to entitlement to fees, but to the degree that the amount of fees requested is reasonable. *See Doucet*, 133 N.H. at 683, 582 A.2d at 290 (factors in determining reasonableness of fees include the "skill employed" and "extent to which the attorney prevailed"); *cf.* RSA 281-A:44, II (Supp. 1997). The extent to which this court adopted Brown's arguments in the first appeal, and the resulting impact, if any, on the *amount* of the fee award, is a finding of fact, to be determined after supplemental proceedings as set forth below.

Finally, given that Brown is correct in asserting that there is no clear procedure for awarding fees and costs pursuant to RSA 281-A:44, I, we take this opportunity to clarify the manner in which fees and costs will be awarded under the statute.

■ As set forth above, we employ a two-step process to determine an award of costs and fees, namely: (1) whether the claimant prevailed and is entitled to fees and costs under the statute; and (2) whether the amount of the fees and costs requested are reasonable. *See Staniels*, 142 N.H. at 798, 709 A.2d at 1327. We are in the best position to determine entitlement to fees and evaluate the reasonableness of the amount of fees requested for an appeal to this court. Likewise, the board is in the best position in the first instance to adjudicate an award for proceedings before it. Accordingly, any requests for fees and costs incurred after a denial of a motion for rehearing, *see* RSA 541:6 (1997), through issuance of a certificate of order by this court, *see* SUP. CT. R. 24, shall be made to this court by the filing of an appropriate motion, *see Staniels*, 142 N.H. at 798, 709 A.2d at 1327, within thirty days after our decision is issued. Likewise, the board shall decide requests for attorney's fees and costs incurred from the date of the decision of the hearing officer,

*see* RSA 281-A:43, I(a), (b), through the board's ruling on a party's motion for rehearing. *See* RSA 541:5 (1997). Any party aggrieved by the board's order on fees and costs may appeal to this court pursuant to RSA chapter 541. *See* RSA 281-A:43, I(c); *see also Staniels*, 142 N.H. at 797-98, 709 A.2d at 1327.

*III. Conclusion*

In light of our holding today, we reverse the board's ruling that the respondent was prejudiced by Brown's defective notice and remand this case to the board for proceedings on the issue of entitlement to benefits, and, if entitlement is found, the applicable fees for all proceedings before the board since the hearing officer's decision in April 1992.

In addition, given our comprehensive discussion on the meaning of "prevail" under the statute and our clarification of the process to apply for fees, we shall, by separate order, require the parties to submit further pleadings on the appropriate fees for the first appeal to this court and the present appeal.

*Reversed and remanded.*

All concurred.