Public Employee Labor Relations Board
No. 97-024

APPEAL OF LISBON REGIONAL SCHOOL DISTRICT

(New Hampshire Public Employee Labor Relations Board)

March 2, 1999

*Soule, Leslie, Kidder, Zelin, Sayward & Loughman*, of Laconia (*Bradley F. Kidder* on the brief, and *Robert P. Leslie* orally), for the petitioner, Lisbon Regional School District.

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the respondent, Lisbon Teachers Association, NEA-NH.

BRODERICK, J. The petitioner, Lisbon Regional School District (school district), appeals a decision of the public employee labor relations board (PELRB) that the school district committed an unfair labor practice by replacing Elaine French with an uncertified teacher for two health education classes. The PELRB ordered French's reinstatement to her full-time position. We affirm in part, vacate in part, and remand.

I

In 1991, the school district hired French to teach home economics. She was State-certified in this subject area and taught home economics on a full-time basis in the district until the 1994-1995 school year. The administration then cut back on the number of

home economics courses it offered while increasing course offerings in health and physical education. As a result, French taught home economics as well as two classes in health education during the 1994-1995 school year. While she was not State-certified to teach health, French was not required to be certified in any subject area in which she taught less than half-time. Despite her lack of certification, French had taught health prior to her position at Lisbon and had, in fact, completed health education course work.

In January 1995, the school district superintendent notified French that her home economics position would not be full-time for the 1995-1996 school year because of declining student enrollment. French challenged the superintendent's decision to reduce her teaching load at a nonrenewal hearing before the Lisbon Regional School Board (school board). At the hearing, French was represented by the respondent, Lisbon Teachers Association, NEA-NH (association), and asserted, *inter alia*, that if the home economics position were reduced, she should be hired as a health teacher so that she would have a full-time schedule. French indicated a willingness to become State-certified in health education. On March 14, 1995, the school board upheld the superintendent's decision to reduce French's home economics position and ruled that the school district was not obligated to hire French to teach any health courses apparently on the basis that it intended to hire a teacher with State certification in that subject area. The association filed no appeal from the school board's decision but rather notified the school district in a letter dated March 24, 1995, that "[i]f the Board for any reason does not hire a certified health instructor, it is our expectation that Ms. French will be asked to teach those classes next year."

Subsequently, French signed a contract with the school district for a fifty-seven percent home economics position for the 1995-1996 school year. The school district advertised for a physical education and health instructor with State certification in both areas, and hired Derek Swenson to fill the position for the 1995-1996 school year. Swenson had recently obtained a college degree, which included eighteen health education credits. Although the school district believed Swenson was eligible for State certification based on his course work, he was not certified to teach health education at the time he was hired.

When French learned of Swenson's appointment, she wrote the superintendent in July 1995 to inquire about his certification. When no response was received, French elicited help from the association, which contacted the superintendent on numerous occasions during the fall of 1995 and early winter of 1996 seeking information on

Swenson's certification status. Finally, in January 1996, the superintendent notified the association that Swenson lacked State certification in health education.

On March 18, 1996, French filed a grievance against the school district, claiming a violation of the collective bargaining agreement (CBA) and RSA chapter 273-A. The superintendent denied the grievance as without merit and also noted that it was not timely filed. After an unsuccessful appeal to the school board, the association filed an unfair labor practice complaint with the PELRB on May 31, 1996. Specifically, French asserted that the school district violated the "Fair Treatment" provision of the CBA, Article XIII, by hiring a person uncertified to teach health despite its representation to replace her with a certified teacher. In October 1996, after a hearing, the PELRB ruled that the grievance was not only timely filed, but justified. After its motion for rehearing was denied, the school district brought the present appeal.

On appeal, the school district challenges the PELRB's conclusions that: (1) French filed her grievance in a timely manner; (2) the school district's conduct breached the parties' CBA, and thus constituted an unfair labor practice, see RSA 273-A:5, I(h) (1987); and (3) the school district is obligated to reinstate French to a full-time position. The school district has the burden of proving that the PELRB's decision is clearly unreasonable or unlawful. RSA 541:13 (1997); see Appeal of Londonderry School Dist., 142 N.H. 677, 680, 707 A.2d 137, 139 (1998). The PELRB's findings of fact are deemed *prima facie* lawful and reasonable, and we will not disturb its order unless it is erroneous as a matter of law or we are satisfied by a clear preponderance of the evidence that it is unjust or unreasonable. RSA 541:13; Appeal of Londonderry School Dist., 142 N.H. at 680, 707 A.2d at 139.

## II

The school district argues that French's grievance was time-barred because she failed to appeal the school board's March 1995 decision at her nonrenewal hearing upholding the reduction of her full-time position and negating any obligation to hire her to teach health education classes. It bases its timeliness argument on several grounds, all of which are premised on an erroneous characterization of the nature of French's present grievance.

The school district perceives French's March 1996 grievance asserting a violation of the parties' CBA as a renewed challenge to the reduction of her full-time home economics position and to the

decision not to hire her to teach health education courses. We conclude, however, that the PELRB correctly characterized French's grievance as challenging the school district's conduct in hiring a person uncertified to teach health education courses after representing to the association and the school board that it did not want to hire French as a health instructor because it wanted a certified teacher for that position. Accordingly, we hold that the board did not err in concluding that French's grievance was timely filed.

■ By State statute, an employee is required to file a grievance within six months of a claimed violation of RSA 273-A:5. *See* RSA 273-A:6, VII (Supp. 1998). In this case, the asserted violation was the hiring of an uncertified teacher in the spring of 1995. While French did not file her grievance until March 18, 1996, she persistently inquired about Swenson's certification status beginning in July 1995 when she learned of Swenson's appointment. The school district, however, did not disclose Swenson's lack of certification until January 1996. French made diligent efforts to discover Swenson's certification status, and we will not fault her for the school district's delayed response. *Cf. Appeal of Brown*, 143 N.H. 112, 116-17, 720 A.2d 66, 70 (1998) (unreasonable as a matter of law for employer to claim prejudice for employee's delayed filing of notice of injury when delay attributable to employer). Accordingly, we find no error in the PELRB's conclusion that French's March 18, 1996, grievance was timely filed.

## III

The school district next argues that the PELRB erroneously concluded that the school district committed an unfair labor practice by breaching the terms of the CBA. The particular CBA provision at issue is Article XIII, entitled "Fair Treatment," which states in pertinent part:

> With the exception of a reduction in force, teachers have a reasonable expectation of continued employment provided that their services are competent, efficient, and satisfactory.

The school district first contends that its reduction of home economic course offerings and French's home economics teaching position constituted a "reduction in force," and thus the "reasonable expectation of continued employment" provision is not applicable. The school district specifically argues that it properly exercised its

management prerogative "to reduce the number of its staff in one discipline (home economics), while at the same time, increasing the number of its staff in other disciplines, such as physical education and health education."

■ The school district's misperception of the nature of French's grievance, however, fatally pervades its "reduction in force" argument as well. French is not complaining about the reduction of her full-time home economics position; rather, she is complaining about the school district's hiring of an uncertified teacher to replace her in health education when the school district (1) informed the school board at her nonrenewal hearing of its intent to hire a certified health teacher, (2) rejected her offer to become certified, and (3) advertised for a State-certified applicant. Moreover, the record shows that the number of health education and home economics classes offered to students did not change from the 1994-1995 school year to the 1995-1996 school year. Therefore, we conclude that the PELRB correctly determined that the conduct complained of

> did not result from a reduction in force because the same number of courses are being taught, as verified by . . . testimony that the two courses removed from [French's] teaching schedule were given to another teacher who, like her, had no certification for the specific subject matter.

We note that in its brief, the school district asserts that its good faith efforts to hire a certified health instructor constitute further evidence of the PELRB's erroneous conclusion that French's grievance did not involve a "reduction in force." We, however, fail to discern any nexus between the school district's claimed good faith efforts and the characterization of French's grievance as involving a "reduction in force." To the extent the school district argues that its good faith conduct can otherwise excuse a technical violation of the CBA, it cites no authority to support its position. Accordingly, we need not address this argument further.

The school district alternatively argues that French could not have had a "reasonable expectation of continued employment" in health education because (1) her teaching contract itself indicates that "in no event shall the Teacher be assigned to a position for which he/she is not qualified or certified by the State Department of Education," (2) French was assigned two health courses during the 1994-1995 school year only on a temporary basis to create a full-time schedule for her during that remaining academic year, (3) the CBA states that "[p]roper certification by the State Department of

Education is required for continuous employment," and (4) French agreed that the school district could decide to hire a certified health education teacher. The school district maintains that Swenson "was hired with the understanding that he was able to be certified in health education," and its later discovery that he needed more course work for certification did not qualify French to teach the courses or eliminate Swenson's heightened qualifications to teach health. The school district's arguments, however, are not persuasive.

It is undisputed that French was not required to be certified to teach health education as long as her instruction in that area was less than fifty percent of her teaching schedule. Despite the seemingly mandatory certification language in French's teaching contract and the CBA, the school district employed French to teach two health education courses during the 1994-1995 school year when it expanded that curriculum. Further, the record amply supports the PELRB's finding that "there is no evidence of any complaint . . . about the competency, efficiency or satisfactory nature of French's ability as a teacher."

■ The school district also attacks the PELRB's statement that "all else being equal or in favor of the position taken on behalf of French by the Association, she should have the contractually agreed to 'reasonable expectation' of continued employment." The school district urges that Swenson was better qualified because he had completed more health education courses, his academic study was more recent and up-to-date, and he was "believed to be certifiable." Bearing in mind the standard of review, however, we conclude that the record supports the PELRB's finding that the two teachers were at least on equal footing given that they both lacked certification. Moreover, the record reflects that the school district sought to replace French as a health education instructor due *not* to her lack of qualification but to her lack of actual certification, a hurdle both French and Swenson needed to clear. Accordingly, we cannot say that the PELRB's conclusion that French had a reasonable expectation of continued employment was legally erroneous, unjust, or unreasonable.

The school district separately argues that the PELRB erroneously based its decision on a notion of general "fairness" rather than on a violation of the specific language of the CBA. This argument, however, is without merit. The school district specifically complains about the following language in the PELRB's order:

In addition to the foregoing considerations, French was not treated on an equal footing with Swenson. French, as a "tenure" teacher was "non-renewed," while Swenson, without contract protections as a tenured teacher, was accorded additional time to achieve certification, something requested by and denied to French.

The school district argues that this rationale demonstrates the PELRB's erroneous reliance on its own view of "fairness" rather than on a particular contract violation. We need not address the propriety of the PELRB's recited rationale because it supported a *separate* violation of the CBA. Specifically, the PELRB continued its statement by concluding: "We believe that *also* to have been violative of the 'reasonable expectation of continued employment' language of Article XIII." (Emphasis added.) Because the PELRB's first conclusion that the school district violated Article XIII of the CBA was sufficient to support an unfair labor practice finding, *see* RSA 273-A:5, I(h) (breach of CBA constitutes unfair labor practice), the PELRB's finding of a second violation is cumulative in this case.

## IV

Finally, the school district argues that the PELRB's reinstatement of French to teach health classes for which she was not certified was unreasonable and unjust. It argues that the PELRB erred in refusing to consider the fact that a teacher who is State-certified to teach health education is currently teaching the courses that French would resume teaching pursuant to the reinstatement order. The association contends, however, that reinstatement is an appropriate remedy under RSA 273-A:6, VI(b) and that the PELRB properly rejected the school district's untimely submission of evidence of the current teacher's State certification. We agree with the school district.

French did not appeal the March 1995 school board's affirmance of the school district's decision to hire a teacher certified to teach health education, and the PELRB specifically found:

The Association *agreed* that the District could decide to hire a teacher certified in both health and physical education and further said that if it had done so, this grievance/ULP would not have arisen.

During the hearing before the PELRB, the school district presented uncontradicted evidence that it had hired a teacher who was State-certified in both health and physical education to replace

Swenson, who had resigned from his position just prior to the start of the 1996-1997 school year. This new teacher was certified in health education by the State of Pennsylvania, which enjoys reciprocity with New Hampshire. On October 30, 1996, twelve days after the PELRB's decision, the new teacher was certified to teach physical education and health by the New Hampshire Board of Education. The school district received the certification on November 6 and filed an amendment to its motion for rehearing on November 26, notifying the PELRB of the new teacher's recent certification and thereby challenging the reinstatement order. The PELRB rejected the school district's attempt to amend its motion for rehearing, stating that

> it was untimely, and . . . it relied on facts [alleged], i.e., a certification, which occurred after the date of decision and which do not excuse the contract breach with respect to Elaine French.

We acknowledge that the school district's submission of evidence of the new teacher's State certification in health education was technically untimely because the school district acquired the information within, but filed its amended motion beyond, thirty days of the PELRB's October 18, 1996, decision. *See* RSA 541:3 (1997). The PELRB, however, was aware at the hearing that the school district retained the unchallenged prerogative to hire a certified teacher, that the new teacher's Pennsylvania health education certification was reciprocal with New Hampshire certification, and that the superintendent had contacted the State Board of Education and learned there was "no problem with [the new teacher] being certified." We hold that the board's rejection of the certification evidence filed approximately one week after the expiration of the thirty-day rehearing period was clearly unjust or unreasonable under the circumstances of this case because French's reinstatement would displace a certified health education teacher. *See* RSA 541:13. Moreover, the school district was not, as suggested by the PELRB, submitting evidence of the new teacher's certification to "excuse the contract breach with respect to Elaine French." Accordingly, we vacate the reinstatement order and remand for the PELRB to consider an appropriate remedy under RSA 273-A:6, VI (Supp. 1998).

*Affirmed in part; vacated in part; remanded.*

All concurred.