Compensation Appeals Board
No. 99-065

APPEAL OF PAT METEVIER

(New Hampshire Compensation Appeals Board)

February 21, 2001

*James E. Townsend*, of Londonderry, by brief and orally, for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Nelson A. Raust* and *Paul R. Kfoury, Jr.* on the brief, and *Mr. Kfoury* orally), for the respondents, Wal-Mart Stores, Inc. and AIG Claim Services, Inc.

DALIANIS, J. The petitioner, Pat Metevier, appeals a decision of the compensation appeals board (board) awarding her attorney fees at an hourly rate of $130.00, rather than the $175.00 hourly rate that her attorney requested. We vacate and remand.

In November 1995, the petitioner injured her elbow while working at Wal-Mart Stores, Inc. AIG Claim Services, Inc. (AIG), Wal-Mart's workers' compensation carrier, denied her request for workers' compensation benefits. While represented by Attorney Andrew Richelson, she petitioned the New Hampshire Department of Labor for a hearing. Finding that the petitioner failed to demonstrate that her injuries were causally related to her employment, the department of labor denied benefits. The petitioner, acting *pro se*, appealed this decision to the board. Approximately four months prior to the board hearing, the petitioner hired Attorney James Townsend, an attorney with more than twenty-five years of experience. The board found in favor of the petitioner and ruled that she was entitled to payment of her medical bills and temporary total disability benefits for December 21, 1995, through February 21, 1996.

Attorney Townsend submitted a request for attorney's fees in the amount of $3,670.90 to the board. Specifically, he requested approval for the payment of twenty and one-half hours at a rate of $175.00 per hour. AIG objected to Attorney Townsend's request, contending that it was not reasonable and suggesting that ten hours at $125.00 per hour would be a more appropriate award.

Without a hearing, the board approved Attorney Townsend's request for payment of twenty and one-half hours of work; however, it reduced his hourly rate to $130.00. The board stated that

> [t]he standard used by the panel for review is that an attorney shall be compensated by a reasonable fee in relation to the nature, length, and complexity of the case, as well as the usual and customary charge for work of the like

kind and the benefit accruing to the claimant from the work performed.

The board found that this case was "within the normal average of cases that are presented to the board with respect to the nature of the dispute, length, and complexity," and that "[i]n matters of this nature, the range of approved rates is from $120.00 to $150.00 per hour." The petitioner filed a motion for reconsideration, which the board denied. This appeal followed.

On appeal, the petitioner asserts that the board erred by: (1) failing to consider her attorney's standing and skill and the extent to which he prevailed; (2) relying upon an unpublished range of approved rates because it lacks the authority to set such a range; and (3) finding that an attorney with no experience is entitled to $120.00 per hour, while an attorney with twenty-five years of experience is entitled to only $130.00 per hour in "the normal average of cases."

RSA 281-A:44, I (1999) provides that "[i]n any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court." We will uphold the board's "determination of a reasonable fee unless it is lacking in evidentiary support or is tainted by error of law." *City of Manchester v. Doucet*, 133 N.H. 680, 682 (1990).

The "[r]elevant factors in the determination of reasonable fees include the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." *Id.* at 683 (quotation omitted). Here, the board's determination does not reflect a careful consideration of the relevant factors for determining reasonable attorney's fees. *See Seppala & Aho Constr. Co. v. Elton*, 119 N.H. 634, 636 (1979). Specifically, the board's decision appears to ignore Attorney Townsend's more than twenty-five years of legal experience and relevant experience in workers' compensation cases.

■■ AIG asserts that our enunciated factors for the determination of reasonable attorney's fees are not mandatory, but only guides, and thus, the board need not mention each factor in its decision. To the contrary, the board should consider the attorney's standing and the skill employed and should so indicate in its decision. *See Doucet*, 133 N.H. at 683. If the board fails to consider

an attorney's experience, experienced attorneys may be discouraged from representing claimants in the workers' compensation arena. This would undermine the compensatory purpose of the Workers' Compensation Law. *See Appeal of Brown*, 143 N.H. 112, 119 (1998).

■ The petitioner further argues that the board committed error by relying upon an unpublished range of approved rates because it lacks the authority to set a range of rates. The authority to adopt "[a] scale of legal fees" lies with the commissioner of the department of labor and not with the board. *See* RSA 281-A:60, I(f) (Supp. 2000). Based upon the record, it does not appear that the commissioner adopted such a scale of legal fees and our review of the applicable regulations did not reveal such a scale. Thus, it was error for the board to rely upon a "range of approved rates" when the commissioner has not adopted such a range.

Accordingly, we vacate the award of fees and remand for recomputation of the attorney's fees in a manner consistent with this opinion.

*Vacated and remanded.*

BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.