Compensation Appeals Board
No. 99-485

APPEAL OF JOYCE E. ROSE

(New Hampshire Compensation Appeals Board)

March 29, 2001

*Fitzgerald & Sessler, P.A.*, of Laconia (*Shawn E. Nichols* on the brief), for the petitioner.

*Wiggin & Nourie, P.A.*, of Manchester (*Scott A. Ewing* on the brief), for the respondent, Great American Insurance Company.

**MEMORANDUM OPINION**

BROCK, C.J. The petitioner, Joyce E. Rose, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying her request for attorney's fees under RSA 281-A:44, I (1999). We affirm.

The petitioner filed a workers' compensation claim against her employer, New Hampton School, for an injury that allegedly

occurred in May 1997. After a hearing, the New Hampshire Department of Labor denied her claim because she failed to meet her burden of proving that her injury arose out of her employment at New Hampton School. The petitioner appealed that decision to the board. After a hearing, the board ruled that the petitioner was not disabled as a result of her employment at New Hampton School.

The petitioner filed a motion for rehearing, alleging that the board applied the wrong standard of proof with respect to expert medical evidence and had misconstrued other legal issues in the case. The board granted her motion. After a rehearing in May 1999, the board again denied her claim. We declined her appeal.

Based upon the board's decision to hear her case a second time, the petitioner filed a motion requesting attorney's fees and costs pursuant to RSA 281-A:44, I. She requested fees for legal work related to the initial hearing before the board and her motion for rehearing. The board denied the request because the petitioner "did not prevail in this case."

On appeal, the petitioner argues that by obtaining the non-monetary benefit of a rehearing before the board, she prevailed in the case and is entitled to attorney's fees pursuant to RSA 281-A:44, I.

"We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable." *Appeal of Newcomb*, 141 N.H. 664, 666 (1997) (quotation omitted); *see* RSA 541:13 (1997). The petitioner, "as the appealing party, bears the burden of demonstrating that the board's decision was erroneous." *Appeal of Staniels*, 142 N.H. 794, 796 (1998).

RSA 281-A:44, I, provides: "In any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court . . . ." To prevail, the petitioner "must have secured a legal right or financial benefit greater than he or she had received prior to the appeal." *Appeal of Brown*, 143 N.H. 112, 119 (1998). Thus, in determining whether the petitioner is entitled to collect fees, we must first decide whether the petitioner "prevailed" under the statute, and if so, to what extent. *See id.* at 118.

Although the petitioner was successful in obtaining a rehearing before the board, that does not establish that she "prevailed" within the meaning of RSA 281-A:44. Unlike the petitioner, we do not characterize the board's decision as a success-

ful appeal. The purpose of RSA 281-A:44 is to "encourage[] claimants with *meritorious* appeals to seek compensation through the appeals process." *Id.* at 119 (emphasis added). We conclude that it is not intended to provide attorney's fees to claimants who persuade either the board or the court to reconsider an adverse decision, but thereafter fail to succeed on the merits. Unlike the petitioner in *Brown*, who successfully appealed the board's decision to this court and obtained a new hearing before the board, the petitioner here did not prevail because even after the board considered her case a second time, it denied her claim. Because the petitioner did not "prevail" before the board, we find no error in its ruling that she is not entitled to attorney's fees.

*Affirmed.*

BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.