# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0258, <u>Appeal of Glenn McCreery</u>, the court on February 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The claimant, Glenn McCreery, appeals the March 10, 2014 decision of the New Hampshire Compensation Appeals Board (CAB) denying his request for payment of medical bills for the period December 7, 2011, to February 1, 2013.  He argues that the CAB erred in:  (1) allowing his employer, Easter Seals of New Hampshire, Inc., to relitigate the issue of the causal relationship between his medical condition and his work-related injury; and (2) considering a medical report prepared after the Department of Labor (DOL) hearing that did not relate to his condition at the time of the hearing.

The claimant first argues that the CAB erred in allowing his employer to relitigate the issue of the causal relationship between his medical condition and his work-related injury without evidence of a superseding injury or other change in his condition.  "We will overturn the CAB's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable."  <u>Appeal of Carnahan</u>, 160 N.H. 73, 77 (2010).  "The issue of whether the [employer] should have been collaterally estopped from litigating causation is a matter of law that we review <u>de</u> <u>novo</u>."  <u>Appeal of Wingate</u>, 149 N.H. 12, 14 (2002) (citations omitted).  The claimant argues that the issue in the March 10, 2014 CAB decision was the same issue decided in its April 1, 2011 decision:  whether his symptoms were the result of his August 24, 2007 workplace injury.

In its April 1, 2011 decision, the CAB ruled that the claimant had met his burden to prove that the medical treatment he received for the period December 8, 2009 through May 18, 2010 was reasonable and necessary and related to his August 24, 2007 workplace injury.  In its March 10, 2014 decision, the CAB, while noting that it previously found the claimant's treatment for that period to be related to his August 24, 2007 workplace injury, ruled that his treatment for the period December 7, 2011 to February 1, 2013, was "for a condition not related to his work injury."  We do not agree that the issue the CAB decided in 2011 was the same issue it decided in 2014.  Although both decisions involve the same or similar treatment from the same physician, they relate to different time periods.  We do not construe the CAB's

2011 decision as a ruling that the claimant's future treatment for the same symptoms must also relate to the August 24, 2007 workplace injury, especially when the CAB noted in its 2011 decision that the claimant had "a long history of back injuries," including three surgeries prior to the August 24, 2007 injury, and that he had been receiving essentially the same treatment, injections and narcotic pain medication, from the same physician before and after the August 24, 2007 injury.

The claimant argues that the CAB's decision is contrary to our holding in Wingate. In Wingate, we held that the employer was precluded from relitigating the issue of whether the claimant's degenerative disc disease was causally related to his work injury because the DOL had already ruled on that issue. See Wingate, 149 N.H. at 18. In this case, however, the CAB did not find, in its 2011 decision, a causal relationship between the claimant's August 24, 2007 injury and a condition for which he sought treatment during the period at issue in its 2014 decision. Accordingly, we conclude that the CAB did not err in allowing the employer to dispute the causal relationship between his August 24, 2007 work-related injury and his treatment for the period December 7, 2011, to February 1, 2013. See id. at 14.

The claimant next argues that the CAB erred by considering a medical report prepared by James Mirazita, M.D., after the April 16, 2013 DOL hearing that did not relate to his condition at the time of the hearing. In Staniels, we held that the CAB may consider evidence of a claimant's condition prepared after the DOL hearing to determine the claimant's condition as of the date of the DOL hearing. Appeal of Staniels, 142 N.H. 794, 797 (1998); see also Carnahan, 160 N.H. at 82 (affirming the CAB's reliance upon video surveillance evidence prepared after the DOL hearing under our reasoning in Staniels). The claimant argues that the CAB erroneously considered Dr. Mirazita's report to determine his condition after the date of the DOL hearing. We disagree. The CAB considered Dr. Mirazita's report to determine whether the claimant's treatment from December 7, 2011, to February 1, 2013, was for a condition related to his August 24, 2007 workplace injury. Because the DOL hearing was held on April 16, 2013, after the treatment period at issue, we conclude that the CAB did not err in considering Dr. Mirazita's report. See Staniels, 142 N.H. at 797.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2